## Commonwealth *v.* Lutz, Appellant.

*Criminal law—Murder—Twice in jeopardy—Constitutional law.*

A plea of twice in jeopardy presented at the second trial of an indictment for murder will not avail where it appears that at the first trial at the polling of the jury one of the jurors who had signed a verdict of guilty of murder in the first degree, started to explain that he had signed the verdict against his consent, when he was interrupted by the court and the verdict taken, and the trial judge subsequently grants a new trial on the ground that the verdict of the juryman whose explanation was interrupted might have been due to physical exhaustion.

Argued April 29, 1901. Appeal, No. 140, Jan. T., 1901, by defendant, from judgment of O. & T. Luzerne Co., Jan. T., 1900, No. 48, on verdict of guilty of murder of the first degree in case of Commonwealth v. John Lutz. Before McCOL-LUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Indictment for murder.

From the record it appeared the defendant was indicted for the murder of his wife. The case was twice tried. At the first trial the jury returned a verdict of guilty of murder in the first degree. This verdict was subsequently set aside, and a new trial granted, HALSEY, J., giving the reason therefor as follows :

The jury retired on May 2, 1900, and on May 17, brought in a verdict in writing, in which they all agreed that the defendant was guilty of murder in the first degree. The period of confinement of the jury was so long before verdict, because it is absolutely necessary under the decisions of our courts, that in all cases upon indictments for murder, that there can be no discharge until a verdict has been rendered, that it is just possible that after the court ordered the jury to be polled, and it appearing that Mr. Koons, one of the jurors, did not as a matter of conscience agree to the verdict, but only agreed because of physical exhaustion, that it was not a true verdict of murder in the first degree. At that time after the written verdict had been filed, the defendant's counsel said: " I would like to have the jury polled." The clerk proceeded to poll the jury. The Clerk: "F. A. B. Koons." Mr. Koons: "I signed the verdict against my consent, believing that that man was irresponsible when he— " The Court: " What is your verdict, Mr. Koons?" Mr. Koons: I signed it—" The Court: "What did you find?" Mr. Koons: " Guilty of murder in the first degree." The Court: " Guilty of murder in the first degree?" Mr. Koons: " Yes, sir." Defendant's counsel: " I wish to enter a protest against the reception of the verdict after the answer of Mr. Koons." The Court: " It may be recorded."

If his statement had been completed, it would undoubtedly have been shown that he had reached a different conclusion from that which was incorporated in the written return which he had signed and which was returned by the jury. If he had done this, it then would have become the duty of the court to have directed the jury to again retire until they had agreed upon a verdict. Because of the doubt in our mind as to whether that which was done at the time the verdict was returned, was the verdict of the conscience of the whole jury based upon the circumstances incident to the long confinement of the jury and that which may have been in the mind of Mr. Koons at the time he desired to make a statement, that it was not the verdict of his conscience, but one rendered necessary because of physical exhaustion on his part, and as all reasonable doubts under circumstances surrounding criminal cases are under the law to be given to defendants, we have concluded to allow the

motion for a rule for a new trial in this case and at the same time to make it absolute.

At a second trial the prisoner entered the plea of twice in jeopardy, which plea recited the facts set forth in opinion quoted above.

The court overruled the plea, and the jury returned a verdict of guilty of murder in the first degree, upon which judgment of sentence was passed. The prisoner appealed.

*Error assigned* among others was (1) overruling the plea.

*John T. Lenahan*, with him *James L. Lenahan* and *Charles B. Lenahan*, for appellant, cited on the question of twice in jeopardy: Com. v. Cook, 6 S. & R. 577 ; Com. v. Fitzpatrick, 121 Pa. 116 ; Hilands v. Com., 111 Pa. 1 ; Miller v. Miller, 187 Pa. 582; State v. Austin, 6 Wis. 205.

*T. R. Martin*, ex-district attorney, with him *B. R. Jones*, district attorney for the commonwealth, cited: People v. Olwell, 28 Cal. 463 ; Ford v. State, 12 Maryland, 549.

PER CURIAM, July 17, 1901 :

John Lutz was accused of the murder of his wife. He was indicted for the crime with which he was charged, and on the trial of the case he was convicted of murder of the first degree. He was not sentenced when he made, through his counsel, an application for a new trial. This application resulted in a compliance with defendant's request. It is not necessary to specify herein the circumstances which induced the court below to allow and make absolute the motion for another trial. This sufficiently appears in the record and in the opinion of the court granting a new trial. When the case was called for a retrial the prisoner filed a special plea of once in jeopardy, in which all the facts relating to the verdict on the former trial were set forth in detail. A jury was called and sworn according to law and the case was then proceeded with in due course. That the evidence in the case clearly warranted the verdict rendered by the jury admits of no reasonable doubt. A motion for another trial followed this verdict, but upon due consideration by the court the motion was denied. The denial of the motion was promptly followed by the sentence of the court.

No error appears in the proceedings which resulted in the verdict and sentence referred to herein, and there is nothing discernible in the record or in the charge of the court which furnishes any ground for condemnation or criticism in either. The case was carefully and fairly tried and there is no just cause of complaint. The judgment is affirmed and it is directed that the record be remitted in order that the sentence may be carried into execution according to law.