Commonwealth ex rel. Farrow, Appellant, *v.*
Martin.

Argued November 13, 1956. Before STERN, C. J.,
JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Charles F. G. Smith,* for appellant.

*Thomas M. Reed,* Assistant District Attorney, with
him *James N. Lafferty,* First Assistant District Attorney, *Victor H. Blanc,* District Attorney, and *Francis A.
Biunno* and *Christopher F. Edley,* Assistant District
Attorneys, for appellee.

OPINION BY MR. JUSTICE ARNOLD, December 29, 1956:

The court below dismissed petitioner's writ of habeas corpus, and the petitioner appealed.

In 1953, on an indictment for murder, relator was tried and convicted of murder in the first degree, and was sentenced to life imprisonment. In 1954, on writ of habeas corpus, petitioner's judgment was vacated because of prejudicial remarks of the trial judge, the indictment reinstated and a new trial ordered. Thereafter, upon advice of counsel, relator entered a plea of guilty, and was given a life sentence. He appealed to this Court, alleging that the court below erred in not limiting his conviction to murder in the second degree. This Court affirmed the judgment: *Commonwealth v. Farrow*, 382 Pa. 61, 114 A. 2d 170. Neither at his second trial nor upon his appeal to this Court had he interposed or argued a special plea of double jeopardy. Thereafter, in 1956, he filed his second writ of habeas corpus, alleging double jeopardy and asking for discharge.

The court below dismissed the writ of habeas corpus on the basis that (1) it could not be used to discharge the relator on the ground of double jeopardy; (2) he was not placed in double jeopardy where the court on petitioner's application granted the writ and ordered the plea of guilty to be set aside, and conviction was had on the same indictment; and (3) petitioner waived the plea of double jeopardy by not entering it at trial. Hence this appeal.

The provision against double jeopardy exists in the common law and is a part of the Fifth Amendment of the Federal Constitution, and has been incorporated in Article I, Section 10 of the Pennsylvania Constitution. Our constitutional provision is that ". . . No person shall, for the same offense, be twice put in jeopardy of

life or limb. . ." As has been pointed out in prior cases, it does not prohibit more than one trial for the same offense, but only that he shall not be twice in jeopardy. The right of an accused to interpose such plea in proper cases has never been questioned. However, the mere fact that he has once been tried, in itself, is not sufficient to base a plea.

One is placed in double jeopardy if he has received an acquittal or its equivalent, or a sentence which is no longer subject to attack. Until such legal sentence is imposed, the jeopardy in which he was placed, when first tried, must be deemed to continue until the time of imposition of legal sentence at the subsequent trial. "Until a convicted prisoner receives a sentence which can withstand attack, it may be conceived that *his original jeopardy continues* without interruption, and that he is therefore not put in jeopardy a second time when he receives his first valid sentence": *King v. United States,* 98 F. 2d 291, 295. See also *United States v. Ball,* 163 U.S. 662, 41 L. Ed. 300, 303; *Trono v. United States,* 199 U.S. 521, 50 L. Ed. 292; *Stroud v. United States,* 251 U.S. 15, 64 L. Ed. 103.

Petitioner may not by his own voluntary action seek and obtain a reversal of judgment, and thereupon take advantage of such reversal to secure full release from punishment properly imposed as a sentence, upon legal conviction at the trial he so obtained. As has been held, relator has waived any benefit of the provision against double jeopardy in order that he might obtain the greater benefit of a review and reversal of his conviction and sentence by the court. See *People ex rel. Hunt v. Warden of New York City Prison,* 107 N.Y.S. 2d 136; 22 C.J.S., Criminal Law, §273. To hold otherwise would result in a travesty upon justice. *Cf. Commonwealth v. Gibbs,* 167 Pa. Superior Ct. 79, 74 A. 2d

750; *Commonwealth v. Townsend*, 167 Pa. Superior Ct. 71, 74 A. 2d 746; *Commonwealth v. Lutz*, 200 Pa. 226, 49 A. 771.

The cases cited by relator are not applicable to the instant case,—in none of them was the instant question raised as an issue,—and are therefore not controlling. With this decision on the principal question, it becomes unnecessary to treat with other contentions of the relator.

Order affirmed.

Mr. Justice MUSMANNO dissents.