## Commonwealth ex rel. Walker, Appellant, *v.* Banmiller.

Submitted March 20, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*John J. Walker,* appellant, in propria persona.

*Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., June, 11, 1958:

This is an appeal from the dismissal of a petition for a writ of habeas corpus. The factual situation is set forth in our opinion, filed July 21, 1955, affirming appellant's conviction and sentence on a charge of robbery. See *Commonwealth v. Walker et al.,* 178 Pa. Superior Ct. 522, 116 A. 2d 230, allocatur refused, 178 Pa. Superior Ct. xxix. All but one of the contentions which appellant here attempts to raise were discussed

and decided adversely to his position in our original opinion. Moreover, they involve alleged trial errors which cannot be considered in a habeas corpus petition: *Commonwealth ex rel. Chaney v. Cavell,* 185 Pa. Superior Ct. 82, 138 A. 2d 180. It should perhaps be noted that, on April 9, 1957, we affirmed the dismissal of a similar petition filed by appellant's accomplice, Jesse B. Pierce. See *Commonwealth ex rel. Pierce v. Martin,* 183 Pa. Superior Ct. 272, 130 A. 2d 727, allocatur refused, 183 Pa. Superior Ct. xxiv.

Appellant attempts to raise the additional contention of double jeopardy, based on the fact that he was once arrested and released, then later re-arrested. However, one is placed in double jeopardy only if he has received an acquittal or its equivalent, or a sentence which is no longer subject to attack: *Commonwealth ex rel. Farrow v. Martin,* 387 Pa. 449, 127 A. 2d 66. Furthermore, the plea of former jeopardy under Article I, Section 10 of the Constitution of Pennsylvania is available only to defendants in capital cases, and the provision in the Fifth Amendment to the Constitution of the United States prohibiting double jeopardy does not apply to the states, but is a restriction only on the powers of the federal government: *Commonwealth ex rel. Berry v. Tees,* 177 Pa. Superior Ct. 126, 110 A. 2d 794.

The order of the court below is affirmed.