Commonwealth ex rel. Patrick, Appellant, *v.* Banmiller.

Submitted November 16, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Ralph E. Patrick,* appellant, in propria persona.

*Arlen Specter* and *Domenick Vitullo,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION PER CURIAM, January 18, 1960:

The court below discharged the rule granted on respondent to show cause why a writ of habeas corpus should not issue and dismissed the petition for a writ of habeas corpus, and relator appealed.

Relator was adjudged guilty of murder in the first degree on February 11, 1942, and was sentenced to a term of life imprisonment in the Eastern State Penitentiary. On February 2, 1953, after hearing, a writ of habeas corpus was granted. It was determined from the record that the court that had tried him in 1942 had lost its jurisdiction so that the judgment of sentence imposed was a nullity. Consequently, under the writ granted, defendant was not discharged but was ordered to stand trial. *Commonwealth ex rel. Townsend v. Burke,* 361 Pa. 35, 63 A. 2d 77 (1949). The subsequent new trial resulted in relator's conviction of murder in the second degree, and a new sentence of from ten to twenty years was imposed. Relator was released on parole on December 23, 1953, and subsequently on November 24, 1958, was recommitted to Eastern State Penitentiary as a technical parole violator to serve the balance of his sentence.

His present petition alleges that he was subjected to double jeopardy when tried a second time; that the lower court committed error in charging the jury; and that there were errors as to the admissibility of evidence. There is no merit to any of relator's contentions.

A defendant who has been convicted and who has secured a reversal of the judgment of conviction, either on appeal or by the granting of a writ of habeas corpus

requiring a new trial, cannot secure his full release. The relator, by applying for the reversal, has waived his protection against being prosecuted again which the provision against double jeopardy (Pa. Const., Art. I, §10) affords him. Relator was not put in jeopardy a second time, since it was only the second trial that resulted in a valid sentence. *Commonwealth ex rel. Farrow v. Martin,* 387 Pa. 449, 127 A. 2d 660 (1956); *Commonwealth ex rel. Walker v. Banmiller,* 186 Pa. Superior Ct. 338, 142 A. 2d 758 (1958); P.L.E., Criminal Law §116.

Relator's other contention that the trial judge denied him a fair trial by erring in his charge to the jury is also totally without merit. Although the court did erroneously charge that relator had earlier (at the 1942 trial) been acquitted of both *voluntary* and involuntary manslaughter and specifically directed the jury that if it should find relator guilty of voluntary manslaughter, it must return a verdict of not guilty, the error was not of such magnitude as to oust the court of its jurisdiction. Such error could properly have been corrected upon appeal. The remedy of habeas corpus, however, cannot properly be used to correct all trial errors. *Commonwealth ex rel. Brogan v. Banmiller,* 184 Pa. Superior Ct. 552, 136 A. 2d 141 (1957). See P.L.E., Habeas Corpus §3. All other allegations of relator may not properly be considered in a habeas corpus petition: *Commonwealth ex rel. Ketter v. Day,* 181 Pa. Superior Ct. 271, 124 A. 2d 163 (1956).

Order affirmed.

Mr. Justice MUSMANNO dissents.