Commonwealth ex rel. Miller, Appellant, *v.*
Banmiller.

Submitted September 15, 1961. Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Edward Miller,* appellant, in propria persona.

No argument was made nor brief submitted for appellee.

OPINION PER CURIAM, November 16, 1961:

This is an appeal by relator from order of Court
of Common Pleas of Montgomery County, dated June
12, 1961, dismissing relator's petition for writ of habeas corpus filed on June 9, 1961.

Relator was tried before a judge and a jury on February 16 and 17, 1960, and found guilty on nine bills of
indictment charging burglary, larceny, receiving stolen
goods, and conspiracy. Relator's motions for a new

trial and in arrest of judgment were dismissed, and on June 1, 1960, relator was sentenced on bill No. 320, November Term, 1958, to a term of not less than five years nor more than ten years in the Eastern State Penitentiary, now State Correctional Institution at Philadelphia.

The order dismissing relator's petition is affirmed on the following portions of the opinion of Judge GROSHENS of the Court of Common Pleas of Montgomery County:

"Relator contends, as he did in his motion for a new trial, that he was convicted on perjured testimony. He contends that the perjured testimony was procured by the Commonwealth through promises of consideration, and threats, to the alleged perjurer, a co-defendant of relator.

"We conclude that the petition should be dismissed without the holding of a hearing. It has been repeatedly held that 'an attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus.' Com. ex rel. Cobb v. Burke, 176 Pa. Superior Ct. 60 [63] (1954) [107 A. 2d 207]; Com. ex rel. Estelle v. Cavell, 191 Pa. Superior Ct. 200 [206] (1959) [156 A. 2d 615]; Com. ex rel. Kimble v. Keenan, 194 Pa. Superior Ct. 169 [173] (1960) [166 A. 2d 668]. Relator raised this question in his motion for a new trial. The court fully considered the alleged errors and dismissed the motion. There was no appeal. The writ of habeas corpus may not be used as a substitute for an appeal. Com. ex rel. Patrick v. Banmiller, 398 Pa. 163 [165] (1960) [157 A. 2d 214]. The relator properly raised this question in his motion for a new trial and it may not be raised now by a writ of habeas corpus.

"Our review of the record satisfies us again that petitioner had a fair and impartial trial upon the merits, that he was represented by competent counsel; that the

jury returned a proper verdict and that the court has already passed upon the question of the testimony of the alleged perjurer."

The order is affirmed.