## Commonwealth ex rel. Bogart v. Myers

*Robert Bogart*, p. p.

*Harold W. Spencer*, District Attorney, for respondent.

FORREST, P. J., January 19, 1962.—Robert Bogart filed this petition for writ of habeas corpus seeking to be released from the State Correctional Institution at Graterford, Pennsylvania.

Petitioner was indicted on charges of burglary and larceny as of no. 445 November term, 1957, in the court of oyer and terminer and court of quarter sessions of this county. On February 7, 1958, petitioner,

who was not represented by counsel, was brought before the Honorable David E. Groshens, when the following colloquy took place:

"Mr. Lowe (Assistant District Attorney): Before we take the plea from this man, Robert Francis Bogart, . . . charged with burglary and larceny, . . . I wish to state for the record that the defendant should be asked if he wants counsel, inasmuch as this is a felony, and he has indicated that he is willing to plead without counsel."

By the Court:

"Q. Is that correct, Bogart?"

Robert Francis Bogart: "Yes, sir."

Upon disclosure that defendant was 20 years of age, the following dialogue took place:

"The Court: I think you ought to get him a lawyer."

Robert Francis Bogart: "No, sir, I don't want one."

The Court: All right then."

Whereupon, the Chief of Police of the Borough of Norristown read a signed statement of Bogart admitting the burglary and larceny. Following this, Bogart testified and admitted participating in the burglary. Thereupon, the court had petitioner examined by psychiatrists and deferred sentence until February 21, 1958, at which time Judge Groshens sentenced petitioner to the custody of the Pennsylvania Industrial School at White Hill.

Petitioner was paroled on March 8, 1960. Thereafter, he violated his parole. The docket in the office of the clerk of court shows that on March 21, 1961, petitioner, by order of Kenneth E. Taylor, deputy commissioner for treatment, was "returned as a convicted parole violator to Graterford."

The main thrust of the petition seems to be that the conviction of burglary was obtained by "perjured testimony which the notes of testimony will show." "It has been repeatedly held that 'an attack on the evidence

presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus.'" Commonwealth ex rel. Miller v. Banmiller, 196 Pa. Superior Ct. 267, 268 (1961), affirming decree of this court. A fortiori an attack on the evidence presented at a plea of guilty in a noncapital case such as this, wherein defendant testified and freely admitted the crime, recited the details of its commission, and his reason for committing it cannot be a subject of habeas corpus unless he "establish(es) that for want of benefit of counsel, an ingredient of unfairness actively operated in the process that resulted in his confinement." Commonwealth ex rel. Wanko v. Russell, 196 Pa. Superior Ct. 565, 568 (1961). Petitioner has averred that his "conviction was secured by fraud, trickery and deceit." He alleges no facts in support thereof and we shall not require the Commonwealth to answer these bald conclusions of law.

Petitioner contends that he was not advised of his Constitutional rights and that he was not told that anything he said would be used against him. Significantly, he does not deny the truthfulness of his signed or oral statements. If petitioner had desired to retract his signed confession, he could and should have done so before entering a plea. "Since relator pleaded guilty there was no trial, and corroborative evidence was not required." Commonwealth ex rel. Kosele v. Keenan, 178 Pa. Superior Ct. 461, 464 (1955). See 10 P. L. Encyc. p. 447.

Where a petitioner was young and inexperienced in the intricacies of criminal procedure when he pleaded guilty to crimes which carried a maximum sentence longer than the average lifetime, the United States Supreme Court declared, "He should not have been permitted to plead guilty without an offer of the advice of counsel in his situation." Uveges v. Pennsylvania, 335 U. S. 437, 442 (1948). The instant case is not

unlike the Uveges case, supra. Here petitioner told the district attorney and the sentencing judge in open court that he did not desire counsel. Further, notwithstanding his youthfulness, he previously pleaded guilty of violation of the Witkin Firearms Act and was sentenced in Massachusetts for a similar offense; he was fined for breach of the peace and committed as a juvenile delinquent. He, therefore, cannot be classified as inexperienced with criminal procedure.

We find no merit in petitioner's contention that he was denied due process of law or any other right guaranteed to him under the Constitution or the laws of the United States of America or of this Commonwealth. Accordingly, we have denied his petition.