Commonwealth v. Hart, Appellant.

Submitted September 25, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*James L. Weisman,* and *Avins & Weisman,* for appellant.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 15, 1967:

This is an appeal from the denial of a Post Conviction Hearing Act petition. The appellant, John L. Hart, was convicted by a jury of murder in the first degree on April 1, 1960, and sentenced to life imprison-

ment. The Court, on direct appeal, affirmed the judgment of sentence: *Commonwealth v. Hart*, 403 Pa. 652, 170 A. 2d 850 (1961). Thereafter, Hart instituted an action of habeas corpus in which he collaterally attacked the sentence. This action was dismissed by the trial Court, and, on appeal, we affirmed: *Com. ex rel. Hart v. Maroney*, 424 Pa. 285, 227 A. 2d 157 (1967). He has also filed several proceedings in Federal Courts without success.

There is no need to reiterate a detailed statement of the evidence pertaining to the murder; this is set forth in detail in our Opinion in Hart's direct appeal: *Commonwealth v. Hart*, 403 Pa., supra.

Pertinent to this appeal and the issues raised by Hart herein are the following: Hart, with a female accomplice, was arrested in New Orleans, Louisiana, on September 27, 1959, the two being suspected of committing a murder in Pittsburgh. Two days after the arrest, Hart and his accomplice were indicted by the Grand Jury of Allegheny County, at No. 174, O. & T., September Sessions 1959. Thereafter, the two waived extradition and were returned to Allegheny County on October 12, 1959. Although an indictment had been previously returned by the September Grand Jury, the District Attorney submitted a duplicate indictment to the November Grand Jury and a true bill was found thereon at No. 161, November Sessions 1959. It was on this latter indictment (No. 161, November Sessions) that the defendant was tried and convicted. Prior to the sentencing of the defendant, the original indictment was nolle prossed in the following order: "And now, June 3, 1960, at request of prosecutor; made in open court and on motion of District Attorney, a nolle prosse allowed on payment of costs of prosecution by county by reason of this indictment being a *duplication* of the indictment at O. T. 161 November Sessions, 1959, as to each defendant." (Emphasis, ours.)

Hart alleges in his present petition that the original (September) indictment was not produced at his trial, that its existence was "suppressed," and that this prevented a fair trial. We agree with the Court below that no conceivable harm resulted to defendant in being thus tried and convicted on the second indictment, with the first ultimately being nolle prossed. This did not constitute double jeopardy. As we said in *Commonwealth v. Melton,* 406 Pa. 343, 178 A. 2d 728 (1962) (page 346): "The essential and basic requirements to sustain a plea of double jeopardy is that the defendant is being tried a second time for a criminal offense of which he had been previously acquitted: Commonwealth ex rel. Patrick v. Banmiller, 398 Pa. 163, 157 A. 2d 214; Commonwealth ex rel. Farrow v. Martin, 387 Pa. 449, 127 A. 2d 660, and cases cited therein."

On this appeal, Hart (through his attorney) raises a single issue, namely, that a confession made by him to an Assistant District Attorney was not admissible because he (Hart) was not told that he was entitled to counsel at the time the confession was made. This issue was not raised in the present petition, but this identical question and issue were raised and very thoroughly considered by this Court, and were decided adversely to this appellant (Hart) on his direct appeal: *Commonwealth v. Hart,* 403 Pa., supra. Ordinarily we do not, and in this case we will not, reconsider an identical question in a collateral proceeding: *Com. ex rel. Hart v. Maroney,* 424 Pa., supra.

Hart also filed a supplemental brief with this Court as "Chief Counsel." He presents in this brief a number of additional contentions. We have reviewed these, and find that he has misconstrued the law, and that there is no merit in any of his contentions.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.