428 A.2d 657

**COMMONWEALTH of Pennsylvania,**

v.

**Alan N. FELS, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 1980.

Filed April 20, 1981.

Donald M. Moser, Philadelphia, for appellant.

Joseph Frontino, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was charged in Bucks County with possession of cocaine with intent to deliver. He was also indicted in the Federal Court for the Eastern District of Pennsylvania with conspiring to distribute cocaine. All charges emanate from the same criminal episode which occurred on January 7, 1979.

On April 10, 1979, following dismissal of a pretrial motion to suppress, the Federal Court accepted appellant's plea of guilty, conditioned, however, upon a reservation of appellant's right, after sentencing, to appeal the denial of his pretrial motion to suppress.[1]

On April 18, 1979, appellant filed a motion to dismiss the prosecution in Bucks County on the grounds of double jeopardy.[2] The Bucks County Court dismissed the motion to dismiss and appellant has appealed the order to this Court.

1. The Federal Court sentenced appellant to a 3 year term on June 1, 1979, and appellant has filed an appeal to the Third Circuit. The appeal had not yet been decided as of the time appellant filed his brief in our Court.

2. At the argument on this Motion to Dismiss, the Commonwealth contended that there may have been two separate offenses, only one of which was disposed of in the Federal Court. The Commonwealth did not pursue this contention below and has not filed a brief at the appellate level, and we assume that this contention has been abandoned.

The federal conviction has since been affirmed. *United States v. Fels,* 620 F.2d 290 (3rd Cir. 1980); cert. denied, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980).

The lower court in its opinion recognized that the Pennsylvania law holds that one is placed in double jeopardy if he has "received an acquittal or its equivalent or a sentence which is no longer subject to attack." The court cited *Commonwealth v. Baker,* 413 Pa. 105, 196 A.2d 382 (1964); *Commonwealth v. Melton,* 406 Pa. 343, 178 A.2d 728 (1962); *Commonwealth ex rel. Farrow v. Martin,* 387 Pa. 449, 127 A.2d 660 (1956); *Commonwealth ex rel. Walker v. Banmiller,* 186 Pa.Super. 338, 142 A.2d 758 (1958); and others. The court however, concluded that in the present case the plea in the Federal Court was a "conditional plea of guilty", and that the plea of double jeopardy in the Bucks County proceedings was therefore premature.

Appellant contends that the plea in the Federal Court proceedings and sentencing amounts to a final adjudication of guilt, subject only to an appellate review of the legal question involved in appellant's pretrial motion to suppress. Appellant argues that his legal posture in the Federal Court is the same following the entry of the conditional plea as if he had been found guilty by a jury with the legal question involved in the pretrial motion still preserved for appellate review. There appears to be merit to this argument.

We note, further, that the procedure of entering conditional pleas of this general type has been approved by the Third Circuit Court of Appeals in *United States v. Moskow,* 588 F.2d 882, 887 (1978); and *United States v. Zudick,* 523 F.2d 848, 851 (1975).

The trial judge pointed out in his opinion that "is now abundantly clear that the double jeopardy provisions of the Fifth Amendment of the United States Constitution are enforceable in State prosecutions by virtue of the Fourteenth Amendment . . ." (lower court's opinion, pp. 2–3) [citations deleted], protecting the accused "against a second prosecution for the same offense after acquittal, . . . after conviction and against multiple punishments for the same

offense." *Commonwealth v. Henderson*, 482 Pa. 359, 393 A.2d 1146 (1978).

The lower court also noted that this principle has been incorporated in the Pennsylvania Crimes Code by enactment of 18 Pa.C.S. § 111 which reads in pertinent part as follows:

When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:

(1) The first prosecution resulted in an acquittal or in a conviction as defined in Section 109 [3] of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is based on the same conduct unless:

(i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

\* \* \* \* \* \*

**3.** § 109. When prosecution barred by former prosecution for the same offense

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

\* \* \* \* \* \*

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

\* \* \* \* \* \*

(2) The prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant . . . .

The issue of joint jurisdiction has been before Pennsylvania courts on a number of occasions. See *Commonwealth v. Mascaro*, 260 Pa.Super. 420, 394 A.2d 998 (1978); *Commonwealth v. Grazier*, 481 Pa. 622, 393 A.2d 335 (1978); and *Commonwealth v. Mills*, 447 Pa. 163, 286 A.2d 638 (1971).

The facts in this present case establish that the appellant's conduct on January 7, 1979 exposed him to the concurrent jurisdiction of the Pennsylvania and of the United States. He was first called to trial and thus put in jeopardy, by the United States. Appellant was convicted and sentenced pursuant to a plea of guilty, subject only to a reservation of a legal question for resolution by the Federal Appellate Court. At this point in time that legal question having been resolved, the federal procedure has resulted in a "conviction", as that word is used in our 18 Pa.C.S. § 111(1) as quoted above. The federal conviction has not been "reversed or vacated." Accordingly, the prosecution in the Pennsylvania court is barred by 18 Pa.C.S. § 111, supra.

Order vacated and case remanded with instructions to grant the Motion to Dismiss.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I agree with the majority that after his conditional plea of guilty had been accepted by the federal court, appellant was in the same position as if he had been convicted by a jury and had properly preserved issues for appellate review. I also agree with the result in this case because appellant's federal conviction is now final. *United States v. Fels*, 620 F.2d 290 (3d Cir.) (lower court affirmed without opinion), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). However, when appellant made his motion in the lower court, and also when he took his appeal to this court, his federal conviction was not yet final. I write separately

to explain what I think a Pennsylvania court should do when faced with that situation. I believe we should follow what might be described as a "wait and see" approach.

Section 111(1) provides that a subsequent prosecution in this Commonwealth is barred by a prior prosecution in another jurisdiction if the prior prosecution "resulted in an acquittal or a conviction as defined in section 109 of this title...." Typically, when an appellate court finds that a lower court erred in not granting the defendant's pre-trial motion to suppress evidence, the appellate court vacates the judgment of sentence and grants the defendant a new trial. This, however, is not an "acquittal," for section 109(1) defines an "acquittal" as a "prosecution [which] resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction." Neither is it a "conviction," for section 109(3) defines a "conviction" as a "prosecution [which] resulted in a judgment of conviction which has not been reversed or vacated."

Thus, it is inaccurate to say that an appeal of a conviction must result in either an "acquittal" or a "conviction." Instead, the result cannot be known in advance. Accordingly, when an appeal is taken from a conviction, the prosecutor must wait and see what the appellate court does before he can know whether he may proceed with a subsequent prosecution. So long as the appeal is pending, and the conviction therefore remains undisturbed, the subsequent prosecution is barred. If the appellate court affirms the conviction, or if it determines that there was insufficient evidence to warrant the conviction, the subsequent prosecution will be forever barred. If, however, the appellate court reverses or vacates the conviction and remands for new trial, the subsequent prosecution may proceed.

Although it is, of course, our statutory provision, 18 Pa.C. S.A. § 111, that controls this case, I am confirmed in my belief that a "wait and see" approach is proper by an

examination of the law in other states. To hold that a subsequent prosecution is forever barred by a prior conviction still on direct appeal would be to take a decidedly minority view. The editors of American Law Reports summarize an Annotation devoted to this point by saying:

> The authorities are divided as to whether a plea of former conviction is available while an appeal from the judgment of conviction is pending. However, this conflict is more apparent than real. Even in jurisdictions in which the plea is not available while an appeal is pending from the judgment of conviction, the defendant is not without remedy, because in these jurisdictions he may move for a continuance of the second trial to await the disposition of the appeal from the judgment of conviction. On the other hand, in some jurisdictions in which the plea of former conviction is available notwithstanding the pendency of an appeal from the judgment of conviction, it seems that the plea results only in a stay of the proceeding in which the plea was made.

> Annot: Conviction From Which Appeal is Pending as Bar to Another Prosecution for Same Offense, 61 A.L.R.2d 1224, 1224 (1958) (footnotes omitted).

Finally, I believe that a "wait and see" approach represents an appropriate balance between the defendant's interest in not being tried twice for the same crime and the Commonwealth's interest that a prosecution by some sovereign, be it the Commonwealth, the United States, or a sister state, should proceed to a point of decision that has withstood appellate scrutiny. Because appellant's federal conviction has now withstood the scrutiny of the United States Court of Appeals for the Third Circuit and the United States Supreme Court has declined further review, the Commonwealth's interest in this case has been vindicated.[1]

1. A careful reading of appellant's brief shows that appellant himself does not claim that the Commonwealth should be barred from trying him if his federal conviction were set aside. *See* Brief for Appellant at 6, 13, 15.