441 A.2d 1230

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Stanley LOVE.**

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed Jan. 29, 1982.

Petition for Allowance of Appeal Denied May 13, 1982.

Maxine J. Stotland, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Leonard N. Sosnov, Assistant Public Defender, Philadelphia, for appellee.

Before BROSKY, CIRILLO and HOFFMAN, JJ.*

BROSKY, Judge:

On February 5, 1979, appellee, Love, was charged with robbery, simple assault and terroristic threats. Love pleaded guilty to robbery and was sentenced to one to three years imprisonment. The Commonwealth brought this appeal which we allow pursuant to Section 5 of Act of November 26, 1978, P.L. 1316, No. 319, subpart (d) which is found in a note following 42 Pa.C.S.A. § 2155 (hereinafter Section 5).[1]

---

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania is sitting by designation.

1. The appellee asserts that the appeal should be quashed because the relief requested by the Commonwealth may subject the appellee to a greater sentence and thereby potentially violate the double jeopardy clause. While we appreciate the appellee's reasoning, we have been asked on appeal solely to determine whether the trial court should have stated its reasons for sentencing under Section 5 and not vacate to reconsider a new sentence. The requested relief does not violate the appellee's right not to be placed in jeopardy twice.

Love also asserts the Commonwealth has waived its appeal because it has not followed the procedures for modification of sentence set out in Pa.R.Cr.P. 1410. This contention is unfounded. The Commonwealth does not seek a modification in this appeal, rather it seeks compliance with Section 5.

Finally, Love contends that the Commonwealth has waived this claim because:

Neither the appellee nor his counsel were advised either formally or informally that the Commonwealth would seek an enhancement of sentence under Act 319 until after the entry of the guilty plea and well into the sentencing hearing itself. The record reflects that it was only after the sentencing hearing had been substantially completed that the assistant district attorney, who had not participated in the plea proceedings, first mentioned Act 319 (The Presumptive Sentencing Act).

(Footnote omitted), appellee's brief, page 13.

Section 5(i) states: "The Supreme Court shall by Rule prescribe procedures to implement the provision of this statute." We are unable to find any rule indicating that the Commonwealth must

The Commonwealth contends that the trial court is obliged to provide a statement of reasons why a sentence less than four years is imposed where, as here, the defendant, below, is a repeat offender.[2] Section 5, subpart (b). We remand for a statement of reasons for the sentence.

On or about February 5, 1979, Love was apprehended by police who were responding to a woman, Mabel Dorsey, who requested their assistance, as the police drove by her. Love was seized by the police who found personal papers belonging to Ms. Dorsey and two hundred dollars in his pocket. Love was subsequently charged and convicted.

The sentencing court stated in its opinion that the sentence which the appellee received was within the statutory limits proscribed for the offense of robbery. The court went on to say it made its decision in compliance with all the factors set forth in 18 Pa.C.S.A. § 1321.

■■■ Love is a repeat offender. He was convicted in the instant case of robbery and on two earlier occasions he had been convicted of robbery. Accordingly, the trial court should have followed the procedures stated in Section 5. They are:

Section 5. Pursuant to this section, there is established an interim guideline for the minimum sentencing of certain repeat offenders.

(a) Until sentencing guidelines adopted by The Pennsylvania Commission on Sentencing and relating to the offenses set out in this subsection become effective pursuant to [42 Pa.C.S.A. § 2155] (relating to publication of guidelines for sentencing), when any person is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault)

supply notice to the defendant prior to the commencement of sentencing proceedings. We are satisfied that the Commonwealth did not waive its right to raise, on appeal, the issue contained herein.

2. Love was convicted on eleven previous occasions. Two of these convictions were for robbery.

involving the use of a firearm, arson or kidnapping, or of attempt to commit any of these crimes, and when that person has been previously convicted in this Commonwealth, or any other state or the District of Columbia, or any Federal court, of any of the offenses set forth in this section or their equivalent, the sentencing court shall consider as a guideline in imposing sentence that such person be sentenced to a minimum term of not less than four years imprisonment.

(b) In any case where a court sentences a person subject to the provision of subsection (a), to a term of less than four years imprisonment, the court shall provide a contemporaneous written statement of the reason or reasons for the sentence.

The provisions established in subpart (b) are not discretionary. Therefore, the trial court is obliged to state its reasons for sentencing the appellee for a period of less than four years.

The trial court, on imposing judgment of sentence should place on the record its reasons for imposition of the particular sentence chosen. In stating its reasons, the trial judge should consider the character of the defendant and the particular circumstances of the crime. No mention is made of appellant's prior criminal record, his age, his personal characteristics, or his potential for rehabilitation. Moreover, by the trial court's "brevity and conclusory quality" in making a statement of its reasons for sentencing, it obviated the purpose behind Section 5(b). Cf.: *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1970); *Commonwealth v. Roberts*, 263 Pa.Super. 237, 397 A.2d 1187 (1978). Accordingly, we remand to the trial court for a hearing at which time the trial court will state its reasons for sentencing.

The parties are *not* prejudiced by our decision from bringing a *new* appeal within 30 days from the trial court's issuance of its statement of reasons on remand.

Accordingly, we remand for proceedings consistent with this opinion.

HOFFMAN, J., files a concurring opinion.

CIRILLO, J., joins in both opinions.

HOFFMAN, Judge, concurring:

I agree with the majority that the Commonwealth is entitled to a remand to an enunciation for the reasons for the sentence imposed upon appellee. I write separately, however, because the double jeopardy issues surrounding the prosecutorial appeal of sentences have yet to be addressed by any court in this Commonwealth. I would hold that the procedures invoked by the Commonwealth do not violate the constitutional prohibitions against double jeopardy.[1]

## I.

This is a Commonwealth appeal from a judgment of sentence imposed upon appellee after his third conviction for robbery.[2] The court below sentenced appellee to serve one-to-three years in prison—a sentence outside the applicable statutory guideline of four years imprisonment established by section 5(a) of the Act of November 26, 1978, P.L. 1316, No. 319 (hereinafter Act 319) (section 5 of Act 319 is set forth in full in a note following 42 Pa.C.S.A. § 2155). Consequently, the court below was obliged to "provide a contem-

1. The fifth amendment to the United States Constitution, applicable to the states, *see Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), provides, in pertinent part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Article I, section 10 of the Pennsylvania Constitution contains a comparable provision: "No person shall, for the same offense, be twice put in jeopardy of life or limb." Although the Courts of this Commonwealth have noted the similarities between the two constitutional provisions, *see, e.g., Commonwealth v. Klobuchir,* 486 Pa. 241, 253, 405 A.2d 881, 887 (1979) (NIX, J., Opinion in Support of Affirmance) (equally divided Court), it is not at all clear whether the Pennsylvania provision affords protection co-extensive with that afforded by the federal double jeopardy clause, *id.,* 486 Pa. at 254 n.12, 405 A.2d at 887 n.12. *See generally* Strazzella, *Commonwealth Appeals and Double Jeopardy,* 4 Pa.L.J. 11 (nos. 39 and 40, October 19 and 26, 1981); Galie, *The Pennsylvania Constitution and the Protection of Defendants' Rights, 1969–1980: A Survey,* 42 U.Pitt.L. Rev. 269 (1981).

2. Appellee also had been convicted on eight other occasions.

poraneous written statement of the reason or reasons for the sentence" it had imposed. Act 319, § 5(b). After the lower court refused to articulate its reasons for the nonconforming sentence, the Commonwealth took this appeal.[3]

Appellee argues that this Court should not entertain this appeal because to do so would violate the double jeopardy clauses. I disagree. "The double jeopardy focus . . . is not on the [fact that the prosecution has taken an] appeal but on the relief that is requested." *United States v. DiFrancesco,* 449 U.S. 117, 133, 101 S.Ct. 426, 435, 66 L.Ed.2d 328, 343 (1980) (upholding federal government's appeal of sentence pursuant to 18 U.S.C.A. § 3576). *See also Government of the Virgin Islands v. Josiah,* 641 F.2d 1103, 1108 (3d Cir. 1981).

> "That guarantee [against double jeopardy] has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. (Footnotes omitted.) *North Carolina v. Pearce,* 395 U.S. 711, at 717, 89 S.Ct. 2072, at 2076, 23 L.Ed.2d 656[,] [at 664 (1968) ].

*United States v. DiFrancesco, supra* at 129, 101 S.Ct. at 433, 66 L.Ed.2d at 340 (footnote omitted). *See also Bullington v.*

---

**3.** The Commonwealth contends that its appeal is allowable as of right under section 5(c) of Act 319 ("The defendant or the Commonwealth may appeal as of right the legality of a sentence imposed pursuant to the provisions of subsection (a)."), or, in the alternative, in the discretion of this Court pursuant to section 5(d) of Act 319 ("The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence imposed pursuant to subsection (a), [and such petition] may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this section."). Because we have allowed this appeal under the latter provision, we need not consider the Commonwealth's alternative basis for this Court's exercise of jurisdiction. *See generally, Commonwealth v. Anderson,* Pa.Superior Ct. (J. 1/1981, filed August 7, 1981, reargument granted February 18, 1982) (explaining statutory underpinnings of prosecutorial appeals of nonconforming sentences).

*Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). Moreover,

> "Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's 'valued right to have his trial completed by a particular tribunal.'" *Arizona v. Washington,* 434 U.S. [497], at 503, [98 S.Ct. [824], at 829, 54 L.Ed.2d 717], quoting from *Wade v. Hunter,* 336 U.S. 684, 689[,] [69 S.Ct. 834, [837], 93 L.Ed. 974, [978]] (1949).

*United States v. DiFrancesco, supra* at 129, 101 S.Ct. at 433, 66 L.Ed.2d at 340. The relief requested by the Commonwealth in this appeal—a remand for an articulation of the reasons for the sentence imposed, *cf. Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) (to facilitate meaningful appellate review of sentences, lower court should state its reasons on the record for the sentence imposed)—does not infringe upon any of the rights protected by the double jeopardy clauses. Consequently, the majority correctly concludes, 295 Pa.Superior Ct. 278 n.1, 441 A.2d 1231 n.1, that this appeal is not violative of the double jeopardy clauses.

## II.

In *United States v. DiFrancesco, supra,* the United States Supreme Court resolved the question by allowing prosecutors to obtain appellate review of allegedly lenient sentences.[4] DiFrancesco had been sentenced as a "dangerous special offender," 18 U.S.C.A. § 3575(e), (f), following his conviction on federal racketeering charges, *id.* § 1962(c), (d). 449 U.S. 121, 101 S.Ct. 429, 66 L.Ed.2d 335. The government, claiming that the District Court had abused its discretion in imposing sentence, appealed DiFrancesco's sentence pursuant to 18 U.S.C.A. § 3576.[5] *Id.* at 126, 101 S.Ct. at 431,

---

4. *Compare, e.g.,* Freeman & Earley, *United States v. DiFrancesco: Government Appeal of Sentences,* 18 Am.Crim.L.Rev. 91 (1980) *with* Stern, *Government Appeals of Sentences: A Constitutional Response to Arbitrary and Unreasonable Sentences,* 18 Am.Crim.L.Rev. 51 (1980). *See also United States v. DiFrancesco, supra* at 121 n.4, 101 S.Ct. at 429 n.4, 66 L.Ed.2d at 335 n.4 (collecting authorities).

5. Section 3576 provides, in part:

66 L.Ed.2d at 338. A divided panel of the Second Circuit Court of Appeals dismissed the government's appeal on double jeopardy grounds. 604 F.2d at 783. On certiorari, the Supreme Court reversed, holding that the double jeopardy clause of the Federal Constitution did not bar a prosecutorial appeal of an allegedly lenient sentence when the right to such an appeal had been afforded by statute. *See* 449 U.S. at 143, 101 S.Ct. at 440, 66 L.Ed.2d at 350. It would serve no useful purpose to restate Justice BLACKMUN's cogent analysis here. It should suffice, however, to note that: (1) a sentence lacks "such finality . . . as would prevent a legislative body from authorizing its appeal by the prosecution," *id.* at 135, 101 S.Ct. at 436, 66 L.Ed.2d at 345; (2) it also lacks "the qualities of constitutional finality that attend an acquittal," *id.* at 135, 101 S.Ct. at 436, 66 L.Ed.2d at 345; (3) the "double jeopardy considerations"—unwarranted exposure of the defendant to harassment, "embarassment, expense, anxiety, and insecurity," of repeated prosecutions and the threat of being "found guilty even though innocent"—"have no significant application to the prosecution's statutorily granted right to review a sentence," *Id.* at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 346; and (4) because the defendant has no "right to know at any specific moment in time what the exact limit of his punishment will be" his "legitimate expectations are not defeated if his sentence is increased on appeal," *id.* at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 346. Moreover, the prohibition against multiple punishment, *see Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed.

> With respect to the imposition, correction, or reduction of a sentence after proceedings under section 3575 of this chapter, a review of the sentence on the record of the sentencing court may be taken by the defendant or the United States to a court of appeals. . . . The taking of a review of the sentence by the United States shall be deemed the taking of a review of the sentence and an appeal of the conviction by the defendant. Review of the sentence shall include review of whether the procedure employed was lawful, the findings made were clearly erroneous, or the sentencing court's discretion was abused. The court of appeals on review of the sentence may, after consideration of the record, . . . affirm the sentence, impose or direct the imposition of any sentence which the sentencing court could have imposed, or remand for further sentencing proceedings and imposition of sentence . . . .

872 (1874), is inapplicable when the sentencing guideline is explicit and any sentence imposed thereunder is specifically subject to prosecutorial appeal. *Id.* at 138, 101 S.Ct. at 438, 66 L.Ed.2d at 346.

Act 319 parallels the federal statute approved in *DiFrancesco.* It represents our legislature's interim response to the problems confronting a trial court in sentencing repeat offenders of ostensibly violent crimes by recommending a minimum prison term of not less than four years. Act 319, § 5(a). *Cf.* 18 U.S.C.A. § 3575(b) (dangerous special offender "shall [be] sentence[d] . . . to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony"); *United States v. DiFrancesco, supra* at 143, 101 S.Ct. at 440, 66 L.Ed.2d at 350 (noting purpose of dangerous special offender legislation). Section 5(b) of Act 319 requires the sentencing court to articulate the reasons for any nonconforming sentence. *Cf.* 18 U.S.C.A. § 3575(b) ("The court shall place on the record its findings, including an identification of the information relied upon in making such findings, and its reasons for the sentence imposed."). Section 5(d) of Act 319 permits the Commonwealth to appeal discretionary aspects of a sentence imposed pursuant to the Act. *See* note 3, *supra. Cf.* 18 U.S.C.A. § 3576 ("Review of the sentence shall include review of . . . whether . . . the sentencing court's discretion was abused."). The teachings of *DiFrancesco* are readily applicable to Commonwealth appeals under section 5 of Act 319. Consequently, I would hold that section 5 of Act 319 does not violate the double jeopardy clause of the Federal Constitution.

### III.

Assuming, *arguendo,* that article I, section 10 of the Pennsylvania Constitution applies to non-capital as well as capital offenses,[6] I would hold also that Commonwealth appeals pursuant to section 5 of Act 319 do not violate that

---

**6.** It is unclear whether article I, section 10 of the Pennsylvania Constitution is limited in application to capital offenses. *Compare*

proscription against double jeopardy. It is well settled under the Commonwealth's double jeopardy clause that:

> One is placed in double jeopardy if he has received an acquittal or its equivalent, or a sentence which is no longer subject to attack. Until such legal sentence is imposed, the jeopardy in which he was placed, when first tried, must be deemed to continue until the time of imposition of legal sentence at the subsequent trial. "Until a convicted prisoner receives a sentence which can withstand attack, it may be conceived that *his original jeopardy continues* without interruption, and that he is therefore not put in jeopardy a second time when he receives his first valid sentence[.]"

*Commonwealth ex rel. Farrow v. Martin*, 387 Pa. 449, 451, 127 A.2d 660, 661 (1956) (emphasis in original and citations omitted), *cert. denied*, 353 U.S. 986, 77 S.Ct. 1288, 1 L.Ed.2d 1144 (1957). *Accord Commonwealth v. Potter*, 478 Pa. 251, 258, 386 A.2d 918, 921 (1978) (POMEROY, J., Opinion in Support of Affirmance) (equally divided Court); *Commonwealth v. Baker*, 413 Pa. 105, 112–13, 196 A.2d 382, 385–86 (1964); *Commonwealth v. Melton*, 406 Pa. 343, 347, 178 A.2d 728, 730 (1962), *cert. denied*, 371 U.S. 851, 83 S.Ct. 93, 9 L.Ed.2d 87 (1962); *Commonwealth v. Kubacki*, 208 Pa.Superior Ct. 523, 530, 224 A.2d 80, 84 (1966); *Commonwealth ex rel. Walker v. Banmiller*, 186 Pa.Superior Ct. 338, 340, 142 A.2d 758, 759 (1958); *Commonwealth ex rel. Backus v. Cavell*, 186 Pa.Superior Ct. 48, 49–50, 140 A.2d 355, 356 (1958). *Cf. Commonwealth ex rel. Berry v. Tees*, 177 Pa.Superior Ct. 126, 110 A.2d 794 (1955) (modification of sentence). Until the appellate processes are exhausted, a sentence imposed under section 5 of Act 319 cannot be considered

*Commonwealth v. Boerner*, 281 Pa.Superior Ct. 505, 513–15, 422 A.2d 583, 587–88 (1980) (double jeopardy clause applies to both capital and non-capital offenses; summarizing conflicting authorities) *with Commonwealth v. DiValerio*, 283 Pa.Superior Ct. 315, 320 n.4, 423 A.2d 1273, 1276 n.4 (1980) (double jeopardy clause applies to capital offenses only). Because I would hold that the Pennsylvania double jeopardy clause would bar a Commonwealth appeal under section 5 of Act 319, I would not need to resolve the apparent conflict over the applicability of that provision.

"final" for the purposes of Pennsylvania's double jeopardy clause. *Cf. United States v. DiFrancesco, supra* (sentence imposed pursuant to federal dangerous special offender legislation not "final" for purposes of federal double jeopardy). *A fortiori*, an appeal by the Commonwealth pursuant to section 5 of Act 319 would not violate the double jeopardy clause of the Pennsylvania Constitution.[7]

**7.** Insofar as *Commonwealth v. Tome,* 484 Pa. 261, 398 A.2d 1369 (1979); *Commonwealth v. Brown,* 455 Pa. 274, 314 A.2d 506 (1974); *Commonwealth v. Allen,* 443 Pa. 96, 277 A.2d 803 (1971); and *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971), rest upon Pennsylvania double jeopardy principles, they do not compel a different result. Those cases recognize the principle that a sentence cannot constitutionally be increased after the defendant has begun to serve his sentence. Although the *Tome* Court rejected the Commonwealth's contention that compliance with "mandatory sentencing proceedings set forth by the legislature overrides the double jeopardy clause," 484 Pa. at 276, 398 A.2d at 1377 (footnote omitted), it must be noted that there was no statutory authority for a modification of the nonconforming sentence. *See Commonwealth ex rel. Backus v. Cavell, supra,* 186 Pa.Superior Ct. at 50, 140 A.2d at 356 (when manner for correction of sentence has been directed by law, such a correction does not violate double jeopardy). *Accord Commonwealth v. Taylor,* 238 Pa.Superior Ct. 232, 237 n.3, 357 A.2d 562, 564 n.3 (1976). When the sentencing statute expressly provides for prosecutorily-induced appellate review of sentences, double jeopardy is not offended by the prospects of such review and the potential for an increased sentence. *See United States v. DiFrancesco, supra* at 133, 101 S.Ct. at 435–36, 66 L.Ed.2d at 343.