476 A.2d 453
**COMMONWEALTH of Pennsylvania**

v.

**Keith E. ROYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 1983.

Filed April 27, 1984.

David M. Axinn, Public Defender, Franklin, for appellant.

William G. Martin, Jr., Assistant District Attorney, Franklin, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

CAVANAUGH, Judge:

Appellant, Keith E. Royer, entered a guilty plea to the second count of a charge of corruption of the morals of a

minor. His sentence included a fine of five hundred dollars and imprisonment of not less than two nor more than four years.[1] Appellant's petition to modify the sentence was denied and he has appealed from the judgment of sentence.

In this case, the offense occurred on November 25, 1982, and sentence is subject to the sentencing guidelines set forth in 204 Pennsylvania Code, Chapter 303, 42 Pa.C.S. § 9721. The sentence imposed was outside the range of the sentencing guidelines, although within the maximum sentence for the offense committed, and therefore falls within the requirement of the Sentencing Code, 42 Pa.C.S. § 9721(b) which provides:

> In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2154 (relating to adoption of guidelines for sentencing) and made effective pursuant to section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

The appellant contends that although the court gave its reasons for imposition of sentence on the record at the sentencing proceedings there was no "contemporaneous written statement" of the reasons for deviating from the guidelines, sufficient to satisfy the above requirements.

Initially, we note that there are two sets of "guidelines" for imposition of sentence. The earlier legislative "guidelines" are actually factors to be considered in weighing sentencing alternatives found in the Sentencing Code, 42 Pa.C.S. § 9701, and deal in general with the alternatives of (1) probation; (2) determination of guilt without further

---

1. The sentence imposed by the court was as follows:
 "It is the Order and Sentence of this Court that the said defendant shall pay a fine of five hundred dollars ($500.00), together with the costs of prosecution, Crime Victim's Compensation in the sum of $10.00, Domestic Violence Costs in the sum of $10.00, and shall be committed ..." for a minimum term of two and a maximum term of four years.

penalty; (3) partial confinement; (4) total confinement and (5) a fine. 42 Pa.C.S. §§ 9721 to 9726. As noted in *Commonwealth v. Doyle*, 275 Pa.Super. 373, 380, 418 A.2d 1336, 1340 (1979):

> In imposing sentence the court "must not overlook pertinent facts, disregard the force of the evidence, commit an error of law ... or inflict punishment exceeding that prescribed by statute." *Commonwealth v. Knight, supra,* 479 Pa. at 212, 387 A.2d at 1299; *see Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973). *The court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and* must impose a sentence that is the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See The Sentencing Code, Act of Dec. 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S. § 1321(b) (Supp.1977); *Commonwealth v. Knight, supra; Commonwealth v. Riggins, supra.* [474 Pa. 115, 377 A.2d 140 (1977)]. (Emphasis added).

Many of our cases used the convenient phrase "guidelines" while discussing sentencing alternatives and the factors relevant thereto. *Commonwealth v. Riggins,* 474 Pa. 115, 134–5, 377 A.2d 140, 150, 151 (1970); referred to "[t]hese [alternative sentencing] factors provide the sentencing court with guidelines for the articulation of the reasons for its sentencing decision"; *Commonwealth v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979); *Commonwealth v. Edrington,* 490 Pa. 251, 416 A.2d 455 (1980), which refers to "those general guidelines we have developed in recent cases and which the Legislature has prescribed in the Sentencing Code ..." 490 Pa. 255, 416 A.2d 457; *Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Weldon,* 287 Pa.Super. 533, 430 A.2d 1180 (1981); *Commonwealth v. High,* 304 Pa.Super. 174, 450 A.2d 158 (1982); *Commonwealth v. Townsend,* 497 Pa. 604, 443 A.2d 1139 (1982); *Commonwealth v. Franklin,*

301 Pa.Super. 17, 446 A.2d 1313 (1982); *Commonwealth v. Rooney*, 296 Pa.Super. 288, 442 A.2d 773 (1982). Perhaps confusion may be avoided in the future if we refer to "guidelines" only when we are considering the guidelines developed by the Pennsylvania Commission on Sentencing.

In addition to the alternative sentence factors for imposing sentence the Sentencing Code also provides at 42 Pa. C.S. § 9721(b):

(b) **General standards.**—In selecting from the alternatives set forth in subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. *The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to section 2155 (relating to publication of guidelines for sentencing).* (Emphasis added).

█ The guidelines promulgated by the Pennsylvania Commission on Sentencing are set forth in the Pennsylvania Code and found at 42 Pa.C.S. § 9721. They were adopted by the legislature on May 14, 1982, to become effective on July 22, 1982. The purpose of the sentencing guidelines is to insure that more uniform sentences are imposed in this Commonwealth. Accordingly, the guidelines set forth the minimum range, aggravated minimum range and mitigated minimum range of sentence for the offenses dealt with in the sentencing range chart. The sentence range chart deals with specific offenses and the range of sentence for that offense considering "the offense gravity score" and "prior record score" as well as "weapon enhancement", if applicable. The sentencing guidelines now include specific as well as general standards which must be considered by the trial court.

█ In every case where sentence is imposed the court must state on the record at sentencing the reasons for the

imposition of the sentence. This rule is applicable whether or not the sentence imposed is within the specific guidelines established by the Pennsylvania Commission on Sentencing. In the instant case the appellant engaged in sexual acts with a twelve-year-old boy for whom he acted as a foster parent. The court pointed out in sentencing that the appellant violated a trust that had been imposed on him by reasons of his agreeing to care for the twelve-year-old. The court noted that this in itself was a very serious consideration for the imposition of sentence. The court considered the effect of the crime upon the victim and society and the seriousness of the offense. In addition, the court recognized the appellant's need for rehabilitation and stressed that appropriate professional help was to be provided. The court analyzed the medical reports in the appellant's record. Realizing the appellant's need for help the court nevertheless felt that it could not give a sentence "to anything but a state correctional institution." The court sentenced the appellant to Camp Hill for his own protection as the father of the victim was in the state penitentiary at Pittsburgh and the court did not want to risk sending the appellant to the same prison where the victim's father was confined. The court also considered the appellant's background and poor financial condition. The fact that the court made no specific reference to the factors set forth in the Sentencing Code is not fatal, as long as it is clear that the court considered the sentencing factors. *Commonwealth v. Darush,* 279 Pa.Super. 140, 420 A.2d 1071 (1980). We are satisfied that if the sentence imposed had been within the range of recommended sentences under the sentencing guidelines, that the record of the sentencing proceedings would have met the requirements of *Commonwealth v. Riggins, supra,* which held that the court must set forth on the record at the time of sentence the reasons for the sentence. *See also, Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977). The requirements of *Riggins* and *Kostka* are also imposed by 42 Pa.C.S. § 9721(b) and Pa.R.Crim.P. 1405(b). The appellant's reliance on *Commonwealth v. High,* 304 Pa.Super. 174, 450 A.2d 158 (1982) to establish an inadequate

statement of reasons on the record is misplaced. In *High*, the court merely discussed with the defendant the contents of a psychiatric evaluation and then sentenced him to confinement. In our case the court considered factors individual to the appellant, as his needs for rehabilitation and psychiatric assistance. Similarly, in *Commonwealth v. Cruz*, 291 Pa.Super. 486, 436 A.2d 220 (1981), also relied on by the appellant, a panel of this Court remanded for resentencing since it found the court's statement as to the basis for sentencing inadequate.

The applicability of the sentencing guidelines involves different considerations. Since the sentence imposed was outside the guidelines provided by the Pennsylvania Commission on Sentencing,[2] two issues are raised: (1) was the statement of the court made at sentencing in the defendant's presence, and recorded, a "contemporaneous written statement"; and if so then, (2) is the statement sufficient to meet the requirements of the act. The first issue deals with the meaning of "contemporaneous written statement", which requirement is mandatory and "not discretionary." *Commonwealth v. Love*, 295 Pa.Super. 276, 280, 441 A.2d 1230, 1232 (1982). In *Commonwealth v. Tomasso*, 311 Pa.Super. 103, 457 A.2d 514 (1983), the Commonwealth appealed when the court imposed a sentence below the minimum guidelines. This Court noted at 311 Pa.Super. 107, 457 A.2d 516: "Where the court sentences the individual to a term less than that stated in the guidelines, the act requires that the court provide a contemporaneous written statement describing the reasons for the sentence. This was done." The opinion does not discuss

---

**2.** The appellant was sentenced to two to four years imprisonment for corruption of the morals of a minor, which is a first degree misdemeanor. 18 Pa.C.S. § 6301(a). Since this offense is not subclassified by the guidelines, it has an offense gravity score of three. Because the defendant has no prior record, the prior record score is zero. The guidelines indicate in these circumstances a minimum range of zero to twelve months confinement; an aggravated minimum range of twelve to eighteen months; and a mitigated minimum range of non-confinement. The sentence imposed in this case having a minimum term of twenty-four months, is a deviation from the guidelines.

the nature of the contemporaneous written statement. The following opinions also refer to the "contemporaneous written statement" of the reasons for the deviation from the guidelines. *Commonwealth v. Cottle,* 493 Pa. 377, 426 A.2d 598 (1981); *Commonwealth v. Anderson,* 304 Pa.Super. 476, 450 A.2d 1011 (1982); *Commonwealth v. Nixon,* 311 Pa.Super. 450, 457 A.2d 972 (1983). However, none of these cases sheds light on the question of what constitutes an adequate "contemporaneous written statement." In *Commonwealth v. Nixon, supra,* the Commonwealth appealed under Section 5 of the Act of November 26, 1978, P.L. 1316, No. 319 (Act 319) which provides for interim sentencing pending adoption of guidelines by the Pennsylvania Commission on Sentencing. This Court held that the Commonwealth waived its claim that the sentence was unreasonable as it did not file a motion to modify sentence as required under Pa.R.Crim.P. 1410. The Court stated at footnote 4, 311 Pa.Super. 453, 457 A.2d 974:

> 4. Because of our determination, *infra,* that the Commonwealth waived its Act 319 claim, we need not determine the effect, if any, of the fact that the judge's statement of reasons was neither "contemporaneous" nor "written" as required by section 5(b) of Act 319.

 In the instant case, the judge gave his reasons for imposing sentence at the sentencing proceedings, in the appellant's presence, and his statement was recorded and ultimately transcribed as part of the record. We hold that the judge's statement of reasons for the sentence made of record at sentencing in the defendant's presence constitutes a "contemporaneous written statement", within the meaning of the act. The purpose of the contemporaneous written requirement would appear to be to advise the defendant of the reasons for deviating from the guideline and provide a memorial for his use and for appellate review. It would be unreasonable to conclude that the legislature intended that the court do more than that when the sentence imposed is outside the sentencing guidelines.

■■■■■ Having established that the court provided a contemporaneous written statement for his reasons for the sentence we must now determine if they were adequate, and we find that they were not. Nowhere does the record indicate that the judge was aware of the guideline range. The following colloquy between defense counsel and the court is the extent of the court's reference to the sentencing guidelines as far as the permissible range of sentence is concerned:

MR. AXINN: Please the Court? Your Honor, we ask the Court to consider also the guidelines of the Pennsylvania Sentencing Commission since this offense did occur in November of 1982, that it could be applied. And for corrupting the morals of minors, I believe the guidelines' sentence, without rating or mitigating factors, would be between zero and twelve months. The minimum term with aggravated factors, it would be—

THE COURT: That's a guide line but it's not a mandate, you see.

The sentencing guidelines are complex, including as they do references to "prior record score", "offense gravity score", "statutory classification", "minimum range", "aggravated minimum range", and "mitigated minimum range." 42 Pa.C.S. § 9721. At the minimum, the court must indicate that it understands the sentencing guideline range, in those cases in which the court deviates from the guidelines.

■■■■■ As noted above, in every case where sentence has been imposed, the court then must make as part of the record and disclose in open court at the time of sentencing, a statement for the reasons for the sentence.[3] However, the Sentencing Code imposes an additional requirement where the sentence is outside the guidelines and that is there must be a contemporaneous written statement of the reasons for deviation from the guidelines. Where the trial judge deviates from the sentencing guidelines set forth in

---

**3.** Our recent *en banc* decision in *Commonwealth v. Mullen*, 321 Pa.Super. 19, 467 A.2d 871 (1983) holds that the reasons for imposing sentence be recorded during the sentencing proceedings and that the defendant be present.

204 Pennsylvania Code, Chapter 303, he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range. The Act states that failure to provide an appropriate contemporaneous written statement shall be grounds for vacating the sentence and resentencing the defendant. In the instant case the court did not advise the defendant what the sentencing guidelines provided as far as the range of sentence, and did not state why he deviated from the sentencing guidelines.

Judgment of sentence vacated and case remanded for resentencing. We do not retain jurisdiction.