500 A.2d 882

**COMMONWEALTH of Pennsylvania**

v.

**Dennis Patrick CATAPANO, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 3, 1985.

Filed Nov. 8, 1985.

376

Frank R. Bartle, Lansdale, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before JOHNSON, HOFFMAN and CERCONE, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for burglary (eight counts), auto theft, and driving while under the influence of alcohol. Appellant contends that the lower court failed to state reasons on the record for sentencing him outside of the sentencing guidelines. For the following reasons, we vacate in part and affirm in part.

On July 18, 1984, appellant pled guilty to three counts of burglary, auto theft, and driving while under the influence of alcohol. On October 19, 1984, the day scheduled for appellant's sentencing, he pled guilty to five additional counts of burglary. The same day, the court below sentenced appellant to the following terms of imprisonment: Bill of Information 3560–84 (burglary), three-to-ten years; 3560.1–84 (burglary), three-to-ten years, consecutive to 3560–84; 3560.2–84 (burglary), one-to-two-years, consecutive to 3560.1–84; 3560.3–84 (burglary), one-to-two years, concurrent to 3560.2–84; 3560.4–84 (burglary), one-to-two years, concurrent to 3560.3–84; 2104–84 (burglary), two-and-one-half-to-five years, consecutive to 3560.2–84; 4179–83 (burglary), one-to-two years, concurrent to 3560.3–84; 2416–84 (burglary), one-to-two years, concurrent to 4179–83; 4180–83 (auto theft), suspended sentence; and 4192–83 (driving while under the influence of alcohol), three-to-twenty-four months, concurrent to 4179–83. Appellant thus received a total term of nine-and-one-half-to-twenty-seven years imprisonment. His motion for modification of sentence was timely filed and, following a January 9, 1985 hearing, was denied. This appeal followed.

Appellant contends that his sentences on Bills of Information 3560–84, 3560.1–84, and 2104–84, "overstep the bounds" of the sentencing guidelines, 204 Pa.Code §§ 303.-1–.9, *reprinted following* 42 Pa.C.S.A. § 9721. We agree. Appellant's prior record score is zero. *See* N.T. October 19, 1984 at 53; *id.* January 9, 1985 at 15–16. The burglaries charged in bills 3560–84 and 3560.1–84 have an offense gravity score of seven. 204 Pa.Code § 303.8(d) ("Burglary of a structure adapted for overnight accommodation in

which at the time of the offense any person is present"); see also N.T. October 19, 1984 at 54. The sentence ranges for a prior record score of zero and an offense gravity score of seven are as follows: eight-to-twelve months (minimum range), four-to-eight months (mitigated minimum range), and twelve-to-eighteen months (aggravated minimum range). 204 Pa.Code § 303.9. Appellant received minimum sentences of three years (thirty-six months) on bills 3560–84 and 3560.1–84, twice the maximum suggested under the aggravated range. The burglary charged in 2104–84 has an offense gravity score of five. Id. § 303.8(d) ("Burglary of a structure not adapted for overnight accommodation in which at the time of the offense no person is present"); see also N.T. October 19, 1984 at 54–55. The applicable sentence ranges, with a prior record score of zero, are as follows: zero-to-twelve months (minimum range), non-confinement (mitigated minimum range), and twelve-to-eighteen months (aggravated minimum range). Appellant received a minimum sentence of two-and-one-half years (thirty months) on bill 2104–84, a minimum twelve months greater than the maximum suggested under the aggravated range. Therefore, appellant correctly states that the sentences imposed on bills 3560–84, 3560.1–84, and 2104–84 exceed the guidelines. (Brief for Appellant at 10).

A sentencing court can, of course, sentence a defendant to the maximum period authorized by statute, 42 Pa.C.S.A. § 9756(a), and the "minimum sentence ... shall not exceed one-half of the maximum sentence imposed." Id. 9756(b).[1] However, "where the court imposes a sentence outside the sentencing guidelines ..., the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. *Failure to comply shall be grounds for vacating the sentence and resentencing the defendant."* Id. § 9721(b) (emphasis added); see also 204 Pa.Code § 303.1(h). Therefore, "two issues are raised [here]: (1) was the statement of the court made at sentenc-

1. Burglary is a felony of the first degree carrying a maximum term of twenty years. See 18 Pa.C.S.A. §§ 1103(1), 3502(c).

ing in [appellant's] presence, and recorded, a 'contemporane-
ous written statement'; and if so then, (2) is the statement
sufficient to meet the requirements of [§ 9721(b) ]." *Com-
monwealth v. Royer*, 328 Pa.Superior Ct. 60, 68, 476 A.2d
453, 457 (1984).

■  Here, the first requirement is satisfied.  The sentenc-
ing judge gave his reasons for imposing sentence at the
sentencing proceedings, *see* N.T. October 19, 1984 at 56–62,
in appellant's presence, and such statement was recorded
and transcribed.  *See Commonwealth v. Royer, supra*, 328
Pa.Superior Ct. at 69, 476 A.2d at 457.[2]

It is the second requirement, however, which we find
unsatisfied here.  *Royer* requires the sentencing court to
"set forth ... the permissible range of sentences under the
guidelines and, at least in summary form, the factual basis
and specific reasons which compelled the court to deviate
from the sentencing range." *Id.*, 328 Pa.Superior Ct. at 71,
476 A.2d at 458.  At the October 19, 1984 sentencing
hearing, the sentencing judge did not refer to the guideline
ranges or the reasons he deviated from them in imposing
sentences on bills 3560–84, 3560.1–84, and 2104–84.  The
court's only reference to the guidelines was this: "And
defense counsel and the Commonwealth agree that the
guidelines are merely guidelines, they are not binding in
any way?"  (N.T. October 19, 1984 at 55).  *See Common-
wealth v. Royer, supra*, 328 Pa.Superior Ct. at 70, 476 A.2d
at 458 ("Nowhere does the record indicate that the judge
was aware of the guideline range.").

Furthermore, after appellant's counsel brought the appli-
cable guidelines to the court's attention at the hearing on
appellant's motion to modify sentence,[3] *see* N.T. January 9,
1985 at 11–12, the court again failed to state why it was

**2.**  "The purpose of the contemporaneous written requirement [is] to
advise the defendant of the reasons for deviating from the guideline
and provide a memorial for his [or her] use and for appellate review."
*Commonwealth v. Royer, supra*, 328 Pa.Superior Ct. at 69, 476 A.2d at
457.

**3.**  Appellant was present at this hearing.

deviating from them. A review of the hearing transcript indicates that the court may not have considered the guidelines at all:

[DEFENSE COUNSEL]: For that reason, Your Honor, I would suggest that we have set forth many, many reasons why this Court should reconsider its prior ruling. Also [the District Attorney] says, "I don't say ignore the guidelines," and then he tells you they are totally inappropriate. I suggest that they are not inappropriate in this case. Guidelines are guidelines. They are to be followed in every case where they are appropriate and I would submit to the Court that there are many mitigating circumstances in this case.

THE COURT: The guidelines, of course, are not mandatory.

[THE DISTRICT ATTORNEY]: Your Honor, that is the import of my argument. I have a couple of brief comments, Your Honor. If you give him a zero and look at the Pre-Sentence Investigation which is only a document you are effectively, in my judgment, ignoring 25 contacts. That is just as a juvenile.

THE COURT: But I have to—

[THE DISTRICT ATTORNEY]: You don't have to, because you just said they are not mandatory.

THE COURT: But I can't give him a prior record score.

[THE DISTRICT ATTORNEY]: No, but if you want to—

THE COURT: Well, we don't have to argue the guidelines, although the District Attorney's office and I have differed over the guidelines at various times. In spite of the guidelines and in spite of the prior record score, if I had wanted to I could have given him the maximum permitted by law. To that extent, I could ignore the guidelines.

[THE DISTRICT ATTORNEY]: That's my point, Your Honor.

THE COURT: Or I could go under the guidelines and give him probation if I wanted to, in spite of the guide-

lines. I think we probably have heard enough on the guidelines.

[DEFENSE COUNSEL]: Your Honor, my only point with respect to that, Your Honor, is that if the guidelines are to be applied, they should then be applied appropriately. The guidelines themselves set down the rules and regulations for what the prior record score should be.

THE COURT: That's why I consider it a zero.

[THE DISTRICT ATTORNEY]: If you take all that, on the residential burglary alone in which there was someone present, the one that is a seven, on that alone if you find that in the mitigated minimum he gets four to eight months, if you find that in the minimum range he gets eight to twelve and if you find that in the aggravated minimum range it's twelve to eighteen on that one, you have unfettered discretion, Your Honor, as far as this case goes. I think that's the point that I'm trying to make. With regard to [appellant's] intoxication—

THE COURT: I wouldn't go quite so far as to say it's unfettered discretion.

[THE DISTRICT ATTORNEY]: Well, Your Honor, I think in this particular case under the circumstances you can do anything that you feel is appropriate under the circumstances. That's as close to unfettered discretion that I think you can get in the law. Obviously you are going to have to answer to the Superior Court at some point in time somewhere down the line; however, I think the point that I'm trying to make is that the ranges that I have just quoted on one, and you multiply those out by seven you can pretty much do what you will.

[DEFENSE COUNSEL]: Your Honor, I object. That's a misstatement. That's a misstatement. If he's talking about multiplying by seven, there are only two house burglaries that we are talking about and I think that is the error in [the District Attorney's] argument. If he's talking about multiplying by seven, with respect to a four to eight or an eight to twelve, whatever it was, I think that's inappropriate.

■■■■■■■■

THE COURT: Not to cut either counsel off, but I think we have heard more than enough about the guidelines. *Id.* at 27–30. We note that 42 Pa.C.S.A. § 9721(b) provides that a sentencing court "*shall* ... consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing...." (Emphasis added).

■ Because the court below failed to explain on the record, in appellant's presence, why it sentenced him outside the guidelines on bills 3560–84, 3560.1–84, and 2104–84, then, the sentences on those bills must be vacated and this case remanded for resentencing on them.[4] 42 Pa.C.S.A. § 9721(b). The other sentences are affirmed.[5]

Judgment of sentence on Bills of Information 3560–84, 3560.1–84, and 2104–84 is vacated and case is remanded for resentencing. Judgment of sentence on all other bills is affirmed. Jurisdiction is relinquished.

■■■■■■■■■■

4. Even if a sentencing court sentences a defendant within the aggravated or mitigated minimum ranges, it must state reasons on the record therefor. 204 Pa.Code § 303.3(2).

5. Appellant also contends that his sentence is (1) excessive and (2) disproportionate to the crimes committed and thus violative of the Eighth Amendment to the United States Constitution. Because the sentences we have vacated today total eight-and-one-half-to-twenty-five years imprisonment, the bulk of appellant's ultimate sentence, we need not address these contentions. If necessary, appellant can raise these issues after his resentencing.