J-A33031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR PHILLIPS, | : | |
| | : | |
| Appellant | : | No.  767 WDA 2016 |

Appeal from the Judgment of Sentence April 21, 2016,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0002048-2013

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JANUARY 31, 2017**

Arthur Phillips (Appellant) appeals from the judgment of sentence entered on April 21, 2016, following a resentencing hearing pursuant to this Court's opinion remanding Appellant's case for resentencing.[1]  Upon review, we affirm.

The trial court summarized the pertinent factual and procedural history underlying Appellant's case as follows.

> [Appellant] proceeded to a jury trial on February 20, 2014, February 21, 2014[,] and February 24, 2014, after which he was convicted of robbery, aggravated assault, criminal conspiracy and flight to avoid apprehension.  [The trial court] imposed a term of imprisonment of not less than 10 nor more than 20 years relative to the conviction of robbery.  [Appellant] received a consecutive term of not less than 2 years nor more than 4 years relative to the conviction for aggravated assault. [Appellant] received a consecutive term of not less than 1 year nor more than 2 years relative to the conviction for criminal

---

[1] ***Commonwealth v. Phillips***, 129 A.3d 513 (Pa. Super. 2015).

*Retired Senior Judge assigned to the Superior Court.

conspiracy[.  Appellant] received a sentence of not less than 1 year nor more than 2 years relative to the conviction for flight to avoid apprehension, consecutive to all preceding sentences.  The aggregate sentence of imprisonment imposed on [Appellant] was not less than 14 years nor more than 28 years.  A timely appeal followed.

[Appellant] raised a number of issues on appeal.  [Through an opinion dated December 14, 2015,] the Superior Court reversed [Appellant's] conviction for flight to avoid apprehension and remanded the case for resentencing.

Upon resentencing, [the trial court] sentenced [Appellant] to a term of imprisonment of not less than 10 nor more than 20 years relative to the conviction of robbery.  [Appellant] received a consecutive term of not less than one year nor more than two years relative to the conviction of aggravated assault.  No further penalty was imposed relative to the conviction for criminal conspiracy.  The aggregate sentence of imprisonment was not less than 11 years nor more than 22 years.

Trial Court Opinion, 6/22/2016, at 1-2 (unnecessary capitalization omitted).

Appellant filed a post-sentence motion arguing that the trial court failed to provide sufficient reasons for Appellant's sentence at count 1, robbery, and double counted factors already subsumed in the guidelines. Post-Sentence Motions, 4/27/2016, at 5 (unnumbered).  Appellant also averred that he had made "rehabilitative progress" since being incarcerated, and cited several mitigating factors, which Appellant argued warranted a reduction in his sentence.  *Id.* at 3-5 (unnumbered).  That motion was denied.  This appeal followed, wherein Appellant's sole issue challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.  An appellant challenging the discretionary aspects of his [or her] sentence

- 2 -

must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant timely filed a post-sentence motion in which he requested a modification of his sentence, as well as a timely notice of appeal. Additionally, Appellant included a 2119(f) statement in his brief. However, before reaching the merits of the issues Appellant raised, we must first examine if the issues presented were properly preserved. "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013).

Appellant's 2119(f) statement set forth the following issues: (1) the trial court erred in failing to provide a contemporaneous written statement to justify Appellant's sentence to count 1, robbery, which exceeded the aggravated range, and failed to recite Appellant' sentencing guidelines, which is required when sentencing Appellant outside the guidelines, and (2) the trial court erred by double counting the gravity of the offense,

Appellant's criminal history, and his use of deadly weapon during the commission of the crime. Appellant's Brief at 14-16.

Upon review, Appellant's first issue is not in his post-sentence motion. Nor did, Appellant raise this issue at his sentencing hearing. Therefore, Appellant has not preserved this issue, and it is waived. **Commonwealth v. Tejada**, 107 A.3d 788, 799 (Pa. Super. 2015) (holding discretionary aspects claims not raised at sentencing or in a post-sentence motion are not subject to our review, even if raised in 1925(b) statement and addressed in the trial court's 1925(a) opinion).

Even if we were to address the merits of his claim, Appellant would not be entitled to relief. First, Appellant is correct that 42 Pa.C.S. § 9721(b), requires the trial court to issue a written contemporaneous statement justifying the imposition of a sentence outside the guideline range. This Court has held that a "judge's statement of reasons for the sentence made of record at sentencing in the defendant's presence constitutes a 'contemporaneous written statement,' within the meaning of the act." **Commonwealth v. Royer**, 476 A.2d 453, 457 (Pa. Super. 1984). Here, the record is clear that the trial court set forth its reasons for sentencing Appellant on the record at Appellant's resentencing hearing. Furthermore, Appellant acknowledges that the trial court set forth reasons on the record for sentencing Appellant outside the guideline range, since the trial court's reasoning is an integral part of Appellant's first argument, namely that the

trial court's reasoning amounted to double counting of factors already taken into consideration in the guidelines.  Appellant's Brief at 20-23.

Furthermore, Appellant has failed to provide this Court with any case law to support his argument that a trial court, upon resentencing, must again reiterate the sentencing guidelines.  Not only has Appellant failed to convince this Court that an error was made, we note that

> while we continue to suggest that "prior to sentencing outside the guidelines, [the trial court] would do well to specifically articulate the guideline range of sentences," we recognize that such a recitation is not uniformly necessary to establish "that the court was aware of, and considered, the guidelines[.]" Accordingly, we hold that when imposing sentence, a trial court has rendered a proper "contemporaneous statement" under section 9721(b) of the Sentencing Code, so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.

***Commonwealth v. Rodda***, 723 A.2d 212, 216 (Pa. Super. 1999) (citations and quotations omitted).

We now consider Appellant's remaining argument.  He argues that the trial court double counted factors already subsumed in the guidelines.  The Commonwealth concedes that Appellant's issue raises a substantial question for our review.  ***See Commonwealth v. Goggins***, 748 A.2d 721, 732 (Pa. Super. 2000) ("When fashioning a sentence, a sentencing court may not 'double count' factors already taken into account in the sentencing guidelines.").  ***See also Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (finding appellant raised a substantial question for the Court's

review when claiming that the trial court "considered factors already included in the guidelines").

Appellant contends that the trial court erred "by strictly relying on factors already taken into account by the sentencing guidelines to justify its sentence." Appellant's Brief at 16. Specifically, Appellant argues the trial court "relied on [Appellant's] prior criminal history and the gravity of the offense as the sole bases for its sentence." *Id.* at 20. Appellant avers that the trial court's reliance on these factors, as well as Appellant's use of an AK-47 during the commission of the home invasion, which had already elevated Appellant's guidelines under the deadly weapon enhancement, was an abuse of discretion.

The trial court provided the following analysis.

> The sentencing record reflects that [the trial court] considered the presentence report [(PSI)], the testimony presented at trial and at resentencing and all other relevant factors.[1] [Appellant] did not object to the substance of information contained in the [PSI]. The sentencing record reflects that in imposing the sentence [the trial court] considered that [Appellant's] conduct in this case was very violent. [The trial court] considered the impact on the victim, Mr. Sharpley. [Appellant's] conduct was part of a violent home invasion. [The trial court] considered that [Appellant] took an AK-47 and fought with Mr. Sharpley as Mr. Sharpley was fighting for his life.
>
> > [1] Though not at issue in this appeal, it is clear that [the trial court] considered mitigating information at resentencing. [The trial court] credited [Appellant] with what the [court] believed to be positive changes in [Appellant] since he was incarcerated in this case. [The trial court] reduced the original sentence relative to the [a]ggravated [a]ssault conviction to not less than one nor more than two years. [The

trial court] reduced the original sentence on the [c]onspiracy conviction to no further penalty.

[The trial court] exhibited concern that society should be protected from [Appellant] due to the "outright dangerous, intentional[,] and knowing" conduct in this case. The presentence report reflected that [Appellant] was on probation on one case and parole on another case at the time of the incident. [The trial court] believed that [Appellant's] conduct demonstrated that he could not conform his own conduct to the dictates to the law and he had a propensity to harm others. This presentence report noted that prior rehabilitative efforts of county supervision had not dissuaded [Appellant] from committing other violent crimes. In [the trial court's] view, [Appellant's] violent conduct continued to escalate despite all of the efforts that were made to rehabilitate him. His own conduct further demonstrated his ignorance of his obligations to the community and his own family.

Further, [the trial court] was convinced that the sentence imposed in this case would have a deterrent effect on [Appellant] and on others inclined to commit similar offenses.

Trial Court Opinion, 6/22/2016, at 8-9 (footnote omitted).

Upon review of the record, this Court finds the trial court did not double count Appellant's prior criminal history. The trial court did speak at length about Appellant's prior convictions, how prior attempts of rehabilitation proved futile, and how Appellant's escalating conduct was undeterred by prior arrests and sentences. *See* N.T., 4/21/2016, at 41-42 ("[Appellant's] past demonstrates that he promises [the trial court] all the time he will be a good guy and follow the rules, then he does something worse the next time. If you look at his criminal history, he kept doing worse things. None of the arrests had any good impact on him. The next time he got arrested was for something worse than the last."). While the trial court

indicated it did see some change in Appellant, resulting in a reduction in Appellant's aggregate sentence, the court found Appellant's confinement necessary for the protection of the public.

> I have to say, and I'm saying for the record, that I do believe [Appellant] is a little different person now than when I encountered him the last time on this case and when I sentenced him [] on other cases. … The problem with what you are asking for … is that now all of that comes a little too late in the scheme of things. [Appellant] is constantly ignoring his duties to the community, to his own family, to his own children. His conduct continued to escalate through all of the efforts that were made to rehabilitate him. Now he finally got a very severe, stiff sentence, which he deserved, now suddenly he is making all of these changes in this relatively short time.

*Id.* at 43-44.

Furthermore, nowhere in the record does it reflect that the trial court imposed its sentence based upon the fact that Appellant was armed with an AK-47 when he entered Mr. Sharpley's home. To the contrary, the trial court set forth the facts in the context of detailing Appellant's crime and his complete disregard for the safety of others. *Id.* at 30-31, 38 ("Only because Mr. Sharpley was able to fight off his attacker, [] was he able to come in this courtroom and tell us about it. Under a [same] but slightly different scenario, Mr. Sharpley would be dead having been on the wrong end of the bullet of [Appellant's] AK-47. … We are not talking about [Mr. Sharpley] fighting for his life in a fist fight, we are talking about fighting for his life when the other guy has an AK-47.").

Lastly, Appellant fails to make a cognizable argument, or cite any authority to support the contention that the individual nature of the crime, the impact to the victim, and the events surrounding the incident are incorporated as factors that comprise the guidelines. *See Commonwealth v. Wall*, 926 A.2d 957, 967 (Pa. 2007) (holding that the defendant "offered no legitimate basis to presume" that individual factors of the case "are subsumed within the sentencing guidelines"). Additionally, we note that the trial court reviewed Appellant's PSI prior to sentencing. "[W]here the sentencing judge had the benefit of a PSI, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004).

We are not persuaded by Appellant's argument that the trial court double counted the gravity of the offense, Appellant's use of a deadly weapon or his prior criminal history when imposing Appellant's sentence, as the record indicates otherwise. No relief is due.

In light of the foregoing, we discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017