J-S63012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE STROTHERS | : | |
| | : | |
| Appellant | : | No. 1853 WDA 2017 |

Appeal from the Judgment of Sentence May 25, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013892-2016

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 15, 2019**

Lawrence Strothers appeals from the judgment of sentence imposed on May 25, 2017 in the Court of Common Pleas of Allegheny County following a non-jury trial and his conviction on charges of possession of crack cocaine with intent to deliver (PWID) and possession of a controlled substance.[1]  PWID was an ungraded felony because of the small amount of drugs[2] confiscated from Strothers at the time of his arrest.  The sentencing guidelines provided for a standard range minimum sentence of 9 to 16 months' incarceration. Strothers received a term of four to eight years' incarceration.  In this timely

_____

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and (16), respectively.

[2] Strothers was in possession of 1.3 grams of crack cocaine.

appeal, Strothers challenges the discretionary aspects of his sentence, arguing the trial court failed to state adequate reasons on the record for issuing a sentence in excess of the guidelines. After a thorough review of the submissions by the parties, relevant law, and the certified record, we vacate judgment of sentence and remand for resentencing.[3]

Initially, we note that Strothers has complied with the technical requirements needed to challenge the discretionary aspects of a sentence. Specifically, he has preserved the issue by including it is his post sentence motion. **See** Post Sentence Motion, 6/25/2017. In addition, he has included a 2119(f) statement in his appellant's brief. **See Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987). Further, his claim that trial court failed to provide a contemporaneous statement on the record, as required by statute, of the reasons for deviating from the guidelines provides our Court with a substantial question proper for appellate review. **See Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa. Super. 1999).

At sentencing, which occurred immediately after the non-jury trial,[4] the trial court was informed, by defense counsel, of the applicable sentencing guideline range.

---

[3] The Commonwealth did not file an Appellee's Brief in this matter. Rather, it submitted a letter stating agreement with Strothers' argument that resentencing was required. **See** Letter from Commonwealth, 9/11/2018.

[4] Strothers waived his right to a presentence investigation. **See** N.T. Trial/Sentencing, 5/25/2017, at 65.

> Defense Counsel: I mean, the guidelines I think are, in the standard range, are 9 to 16 months,[5] something like that. In the mitigated range it's even less than that.

N.T. Trial/Sentencing, 5/25/2017, at 69.

The trial court then issued the sentence, stating, *in toto*:

> Trial Court: All right. Okay. All right. This Court having found Mr. Lawrence D. Strothers guilty of possession with intent to deliver a controlled substance, an ungraded felony, I'm going to sentence you to 4 to 8 years, State Correctional Institution, in view of the fact that you were on parole. You can make that argument either way. You could accept Mr. Maloney's that that's an aggravated factor or Ms. Frick's argument that this wasn't a significant amount of cocaine, 1.3 grams.

*Id.* at 70.

Strothers' minimum sentence, 48 months' incarceration, is 29 months longer than the highest minimum aggravated range sentence. Therefore, the sentence imposed is well outside the guidelines. There are relevant statutory requirements when imposing a sentence outside the guidelines, which are found at 42 Pa.C.S. § 9721(b). Specifically,

> [i]n every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence or resentence outside the

---

[5] Strothers had a prior record score of 5 and offense gravity score of 4. Pursuant to the guidelines, a minimum aggravated range sentence could be as high as 19 months. *See* Sentencing Matrix, 7th Edition, Amendment 3 (9/25/2015).

- 3 -

guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 (relating to adoption of guidelines for sentencing), 2154.1 (relating to adoption of guidelines for county intermediate punishment), 2154.2 (relating to adoption of guidelines for State intermediate punishment), 2154.3 (relating to adoption of guidelines for fines), 2154.4 (relating to adoption of guidelines for resentencing) and 2154.5 (relating to adoption of guidelines for parole) and made effective under section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S. § 9721(b).

Accordingly, when imposing sentence, the trial court must state its reasoning on the record and, when imposing a sentence outside of the guidelines, the trial court is required to provide a contemporaneous written statement of the its reasoning.[6] A failure to abide by these requirements SHALL be grounds for vacating the sentence, and remanding for resentencing. The requirement of Section 9721(b) to provide a contemporaneous statement of reasons is not to be taken lightly.

In **Commonwealth v. Flowers**, 149 A.3d 867 (Pa. Super. 2016), the trial court failed to comply with the requirements, and even though the trial court placed its reasoning in its Pa.R.A.P. 1925(a) opinion, as the trial court

---

[6] Although Section 9721(b) appears to require both a contemporaneous oral and written statement when issuing a sentence outside of the guidelines, case law has allowed the sentencing court to avoid the written statement, as long as the there is a sufficient oral statement. **See Commonwealth v. Widmer**, 667 A.2d 215 (Pa. Super. 1995); **Commonwealth v. Royce**, 476 A.2d 453 (Pa. Super. 1984).

- 4 -

did instantly, a panel of our Court vacated the sentence and required resentencing. Further, *Flowers* instructs:

"[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, ... the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). A "discourse on the court's sentencing philosophy, as it applies to the defendant before it, is not required." *Commonwealth v. Hill*, 427 Pa.Super. 440, 629 A.2d 949, 953 (1993). But "the reasons must reflect the judge's consideration of the sentencing code, the circumstances of the offense and the character of the offender." [*Commonwealth v.*] *Beasley*, 570 A.2d [1336,] 1338 [(Pa. Super. 1990)]; *see also Hill*, 629 A.2d at 953 ("Simply put, the sentencing judge must state his or her reasons for the sentence imposed").

*Id.* at 867.

Similarly, in *Commonwealth v. Rodda*, 723 A.2d 212 (Pa. Super. 1999), upon vacating judgment of sentence, a panel of our Court stated:

we hold that when imposing sentence, a trial court has rendered a proper "contemporaneous statement" under section 9721(b) of the Sentencing Code, so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.

*Id.* at 217.

As quoted above, the certified record reflects the trial judge merely stated that Strothers had been on parole. The trial court then, somewhat confusingly, stated, "You could make that argument either way. You can accept Mr. Maloney's that that's an aggravated factor or Ms. Frick's argument that this wasn't a significant amount of cocaine, 1.3 grams." N.T.

Trial/Sentencing, 5/25/2017, at 70. This abbreviated commentary does not reflect the required "rational and systematic" consideration required when departing from the guidelines.

Because the requirements of section 9721(b) have not been met, we are required to vacate the judgment of sentence and remand for resentencing in compliance with the rules. This decision is not meant to be interpreted as commentary or analysis of the length of the sentence imposed. This decision notes only that the trial court must fulfill its duty to provide a contemporaneous statement of reasons from deviating from the guidelines at the time of imposition of sentence. Resentencing shall take place within 90 days of the return of the certified record to the trial court.

Judgment of sentence vacated. This matter is remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/2019