J-S38013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMIYA T. BROWN, | : | |
| | : | |
| Appellant | : | No. 2322 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000774-2020

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY LAZARUS, J.: **FILED NOVEMBER 30, 2023**

Samiya T. Brown appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after pleading guilty to third-degree murder,[1] endangering the welfare of children (EWOC),[2] and possession of an instrument of crime (PIC).[3] On July 26, 2022, the trial court sentenced Brown to consecutive terms of 20 to 40 years' incarceration for third-degree murder and 10 to 20 years' incarceration for EWOC, the statutory maximum for each offense, and no further penalty for PIC. Brown filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

[2] *Id.* at § 4304(a)(1).

[3] *Id.* at § 907(a).

complained of on appeal. After careful review, we vacate Brown's judgment of sentence and remand for resentencing.

On appeal, Brown claims that the trial court erred by imposing a statutory maximum sentence without indicating an awareness of the sentencing guidelines, without placing the guidelines on the record, without considering Brown's rehabilitative needs, and by imposing an excessive sentence where the court ran the sentences consecutively.[4] **See** Appellant's Brief, at 3. The Commonwealth agrees that the trial court failed to mention the sentencing guidelines and place on the record the court's reasons for its upwards deviation from them. **See** Appellee's Brief, at 2.

The Sentencing Code requires that the trial court consider the sentencing guidelines, and "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Moreover, when a trial court imposes a sentence outside the guidelines, a judge "**must** set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range." **Commonwealth v. Royer**, 476 A.2d 453, 458 (Pa. Super. 1984) (emphasis added). "Failure to comply shall be grounds for

---

[4] We need not reach Brown's excessive sentencing claim as we are vacating Brown's judgment of sentence and remanding for resentencing. **See Commonwealth v. Beatty**, 227 A.3d 1277, 1282 n.5 (Pa. Super. 2020).

vacating the sentence . . . and resentencing the defendant." 42 Pa.C.S.A. § 9721(b).

Here, the sentencing transcript reveals that the sentencing court failed to set forth, in Brown's presence, the permissible range of sentences she could receive under the guidelines, nor did the sentencing judge mention the guidelines at any point during Brown's sentencing proceeding. At the outset of sentencing, the sentencing court stated the counts at issue and that Brown's prior record score was zero. *See* N.T. Sentencing Hearing, 7/26/22, at 5. When issuing Brown's sentence, the trial court stated:

> [T]his sentence that the Court is going to impose today is going to be on the upper end of the allowable sentence in this matter.
>
> [D]espite the . . . psycho[-]social report, that was provided by the defense, the [c]ourt believes that the actions of Ms. Brown [do] show wickedness of heart. It is such that the [c]ourt's intention is to limit the possibility of her having access to other children as she goes forward.
>
> On the charge of murder in the third-degree, the [c]ourt is going to impose the maximum sentence of 20 to 40 years.
>
> On the charge of [EWOC], the [c]ourt will impose . . . the maximum sentence there, which is 10 to 20 years.
>
> On the charge of [PIC], the [c]ourt will impose no further [penalty].
>
> So the sentence that is imposed here is 30 to 60 years to be served in a state correctional institution.

*Id.* at 62-63.

The court failed to mention the existence of a pre-sentence investigative report (PSI),[5] and whether the court had reviewed same, only referencing a psycho-social report provided by Brown. *See id*. Nowhere did the court indicate what the applicable guideline ranges were, that it considered the guidelines, that it was sentencing Brown outside the guidelines, or provide a statement of its reasons for such deviation. Accordingly, we are constrained to vacate the judgment of sentence and remand for sentencing in accordance with the Sentencing Code. *See Royer*, *supra*; 42 Pa.C.S.A. § 9721(b).

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/30/2023

---

[5] *See* N.T. Guilty Plea Hearing, 5/19/22, at 24 (ordering PSI and mental health reports prior to sentencing).