J-A14008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP FOXX | : | |
| | : | |
| Appellant | : | No. 1450 WDA 2017 |

Appeal from the Judgment of Sentence July 25, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011573-1993,
CP-02-CR-0013472-1993

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 04, 2019**

Phillip Foxx appeals from the judgment of sentence imposed on July 25, 2017, in the Allegheny County Court of Common Pleas, after he was resentenced pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), for his 1994 jury convictions of second-degree murder, two counts of robbery, and one count each of aggravated assault, recklessly endangering another person ("REAP"), criminal conspiracy, and carrying a firearm without a license.[1]  On appeal, Foxx raises two arguments concerning the discretionary aspects of his resentencing.  Upon review, we affirm.

_____

[1]  18 Pa.C.S. §§ 2502(b), 3701(a)(1), 2702(a), 2705, 903(a)(1), 6106(a), respectively.

A panel of this Court previously set forth the factual history as follows:

> The charges arose from an incident that occurred on September 9, 1993 on Lamont Street in the Northside section of Pittsburgh. At that time, [Foxx] and an accomplice lured two pizza deliverymen in order to rob them. Although the deliverymen did not resist, [Foxx] and his accomplice nevertheless mercilessly attempted to execute both men, killing one and wounding the other. [Foxx] was a juvenile at the time of the crime.

*Commonwealth v. Foxx*, 97 A.3d 815 [848 WDA 2012] (Pa. Super. 2014) (unpublished memorandum).

Foxx was charged with one count of criminal homicide at Criminal Docket No. CP-02-CR-0011573-1993 ("Docket No. 11573-1993"). He was also charged with two counts of robbery and one count each of aggravated assault, REAP, criminal conspiracy, and carrying a firearm without a license at Criminal Docket No. CP-02-CR-0013472-1993 ("Docket No. 13472-1993"). On June 22, 1994, the case proceeded to a jury trial where Foxx was joined by his accomplice, Dorian Lamore. On June 28, 1994, the jury found Foxx guilty of second-degree murder at Docket No. 11573-1993 and all charges at Docket No. 13472-1993. On July 25, 1994, the court sentenced Foxx as follows: (1) a term of life imprisonment without parole for the second degree murder offense; (2) a term of 10 to 20 years' incarceration for the robbery, to be served consecutively; (3) a term of 10 to 20 years' incarceration for the aggravated assault, to be served consecutively; and (4) a term of five to 10

years' imprisonment for the criminal conspiracy, to be served consecutively. No further penalty was imposed with respect to the remaining convictions.[2]

On April 24, 1996, this Court affirmed the judgment of sentence; and on November 15, 1996, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Foxx*, 679 A.2d 251 (Pa. Super. 1996) (unpublished memorandum) ("*Foxx I*"), *appeal denied*, *Commonwealth v. Lamore*, 686 A.2d 1309 (Pa. 1996).

On March 15, 1999, Foxx filed his first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. On January 22, 2001, the petition was denied and dismissed, and no appeal was taken. Foxx filed a second PCRA petition, which was denied on October 13, 2005, and no appeal was taken. On July 13, 2010, Foxx then filed his third PCRA petition, which was dismissed on April 26, 2012.[3] A panel of this Court affirmed the order on February 26, 2014, and the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Foxx*, 97 A.3d 815 [848 WDA 2012] (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 97 A.3d 743 (Pa. 2014).

---

[2] Foxx filed post-sentence motions, which were denied on December 12, 1994.

[3] When Foxx filed his third PCRA petition, the matter was reassigned to the present presiding judge, the Honorable Edward J. Borkowski.

On March 28, 2014, Foxx filed his fourth PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on March 24, 2016, asserting Foxx's life without parole sentence was unconstitutional pursuant to *Miller*, *supra*,[4] and *Montgomery*, *supra*.[5] In its response to the petition, the Commonwealth admitted that resentencing was necessary in light of *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) (*Batts II*).[6]

_____

[4] The *Miller* Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 465. The Court also held that a trial court is not foreclosed from imposing a sentence of life imprisonment without parole on a juvenile; however, before doing so the court is required to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480.

In response to *Miller*, in October of 2012, the Pennsylvania legislature enacted 18 Pa.C.S.A. § 1102.1. The statute provides that juvenile offenders convicted of first- or second-degree murder must receive a mandatory minimum sentence between 25-35 years depending on the age of the juvenile offender. *See* 18 Pa.C.S. § 1102.1(a), (c). However, the statute applies only to those "convicted after June 24, 2012." 18 Pa.C.S. §§ (a)(1) and (c)(1).

[5] The *Montgomery* court held that the *Miller* decision constituted a new substantive rule that courts must apply retroactively to cases on collateral review. *Montgomery*, *supra* at 732-737.

[6] In *Batts II*, *supra*, the Pennsylvania Supreme Court set forth the procedural requirements for sentencing a juvenile homicide defendant in this Commonwealth. *Batts II*, 163 A.3d at 459-460 (holding there is presumption against imposition of life without parole sentence for juvenile murder defendants; Commonwealth must provide notice of its intent to seek such sentence; Commonwealth must rebut presumption with proof beyond reasonable doubt that "juvenile offender is permanently incorrigible and thus is unable to be rehabilitated[;]" and court must consider the factors

A hearing took place on May 2, 2017. At that time, the parties agreed that Foxx's petition was granted and that they were there for a re-sentencing hearing. N.T., 5/2/2017, at 2-3.[7] The resentencing hearing was continued until July 10, 2017. The court heard six witnesses testify on behalf of Foxx. Subsequently, on July 25, 2017, the court re-sentenced Foxx to the following: (1) a term of 30 years to life imprisonment for the second-degree murder conviction; (2) a term of five to 10 years' incarceration for the aggravated assault, to be served consecutively; (3) a term of five to 10 years' imprisonment for the robbery, to be served concurrently; and (4) a term of five to ten years' incarceration for the conspiracy offense, to be served concurrently to the aggravated assault offense. No further penalty was

---

announced in *Miller* and [18 Pa.C.S. §] 1102.1(d)" before imposing sentence of life without parole).

[7] A review of the docket reviews that no formal entry was made regarding the court's decision to grant Foxx's PCRA petition. Additionally, in the July 25, 2017, order regarding Foxx's resentencing, the court stated: "Original sentence vacated and new sentence imposed pursuant to PCRA Petition Granted." Order, 7/25/2017.

imposed with regard to the remaining convictions. Foxx filed a post-sentence motion, which was denied on September 5, 2017. This appeal followed.[8, 9]

Foxx's arguments concern challenges to the discretionary aspects of his sentence, and, accordingly, are not appealable as of right, but "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

---

[8] We note Foxx was charged and tried under two docket numbers, and his notice of appeal lists both dockets. In June of 2018, the Pennsylvania Supreme Court in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.* at 977 (footnote omitted). Nevertheless, the *Walker* Court specifically announced its decision would be applied prospectively only. *See Walker*, *supra*, 185 A.3d at 97. Therefore, because Foxx's notice of appeal was filed before *Walker*, on October 5, 2017, we need not quash this appeal.

[9] On October 6, 2017, the trial court ordered Foxx to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Foxx filed a concise statement on December 1, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 18, 2018.

Foxx complied with the procedural requirements for this appeal by filing a timely post-sentence motion, and subsequent notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f).  Therefore, we must determine whether he has raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted), *appeal denied*, 987 A.2d 161 (Pa. 2009).

On appeal, Foxx alleges the resentencing judge failed to adequately consider applicable sentencing guidelines as to the non-homicide convictions, and in the alternative, the judge used erroneous sentencing guidelines with respect to those crimes.  **See** Foxx's Brief at 23.  An allegation that the trial court failed to consider the sentencing guidelines raises a substantial question for our review.  **See Commonwealth v. Scassera**, 965 A.2d 247, 250 (Pa. Super. 2009) (recognizing claim the sentencing court failed to consider applicable sentencing guidelines presents a substantial question), *appeal*

*denied*, 985 A.2d 219 (Pa. 2009).[10] Likewise, a claim that the court misapplied the sentencing guidelines also amounts to a substantial question. **See Commonwealth v. Jackson**, 585 A.2d 533, 534 (Pa. Super. 1991) ("Where [an] appellant avers that the sentencing court failed to properly apply the sentencing guidelines a substantial question as to the appropriateness of the sentence has been raised."). Accordingly, we find Foxx has raised substantial questions for our review.

The standard of review for a claim challenging discretionary aspects of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

Moreover, pursuant to 42 Pa.C.S. § 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that

---

[10] We note that to the extent Foxx argues the court did not refer to the sentencing guidelines when imposing his sentence, such a claim does not raise a substantial question. **See Commonwealth v. Rush**, 162 A.3d 530, 543 (Pa. Super. 2017) (finding appellant "cited no case law holding that his claim that the trial court failed to state the guideline ranges at sentencing raises a substantial question, nor does our research reveal any."), *appeal denied*, 170 A.3d 1049 (Pa. 2017).

is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Additionally, "the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* The record *in toto* "must reflect the [trial] court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).[11] "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert denied*, 545 U.S. 1148 (2005).

As indicated above, Foxx first complains the resentencing judge did not apply the sentencing guidelines to the resentencing of his non-homicide convictions. Specifically, he states:

> [Foxx] was found guilty in 1994 at all three charges. He was sentenced by [the prior judge] to ten (10) to twenty (20) years for robbery, ten (10) to twenty (20) years for aggravated assault, and five (5) to ten (10) years incarceration for conspiracy. These were to run concurrent at [Docket No. 13472-1993] and to run consecutive to his life without the possibility of parole at [Docket No. 11573-1993]. [The prior judge] set [Foxx]'s range for each

---

[11] A trial court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question[.]" **Crump**, 995 A.2d at 1283.

count enhanced for use of a gun. The aggregated sentence was life without possibility of parole and a consecutive twenty-five (25) to fifty (50) years. At the outset, the guidelines used by [the prior judge] that are the only guideline[s] in the record were erroneous. Regardless of this error, there is no evidence that [the resentencing judge] used these or any sentencing guidelines to determine his sentence at the non-homicide counts.[12]

…

[The resentencing judge] only considered other factors in delivering [Foxx]'s sentence, "And the Court has taken into consideration in terms of the sentencing responsibility of this Court articulated in [42 Pa.C.S. §] 9721, the protection of the public, the rehabilitative needs of the Defendant, the impact of the crime upon the community." Further, [the resentencing judge] stated on the record his consideration for the overwhelming evidence presented on [Foxx]'s behalf to his positive conduct, rehabilitation during his incarceration, past negative influences in his life that may have affected his decision making at such a young age, and other factors. However, the sentences at each nonhomicide count made no mention or devote any consideration to any guidelines to follow. [The resentencing judge] simply gave across the board, five (5) to ten (10) years for the aggravated assault, robbery, and conspiracy to run concurrent at [Docket No. 13472-1993] and consecutive to his thirty (30) years to life sentence at [Docket No. 13472-1993]. These sentences came out of thin air, with no mention or consideration of correct guidelines. It is only by mere happenstance that the ranges imposed by [the resentencing judge] fit the correct standard ranges for aggravated assault and robbery, while the sentence for conspiracy fell within the aggravated range. However, reviewing what [the resentencing judge] said, one would think that he may have wanted to sentence in the mitigated range or below the mitigated range of the sentencing guidelines.

---

[12] Later in his brief, Foxx appears to contradict himself by alleging "the only mention of 'guidelines' on the record is when [the resentencing judge] referenced [the prior judge]'s statements at the initial sentencing hearing" and "this statement does not clearly manifest or demonstrate an awareness or consideration to use those guidelines[.]" Foxx's Brief at 39.

Foxx's Brief at 35-38 (citations and footnote omitted). Additionally, relying on **Commonwealth v. Royer**, 476 A.2d 453 (Pa. Super. 1984), Foxx asserts the judge abused his discretion because he did "not establish an understanding of or consideration of [the] guidelines or at the minimum, an understanding of the correct guidelines when sentencing" him. Foxx's Brief at 38.

We are guided by the following:

> "The sentencing court must *consider* the sentencing guidelines, and the consideration must be more than mere fluff." **Commonwealth v. Wilson,** 2008 PA Super 64, 946 A.2d 767, 769 (Pa. Super. 2008) (emphasis in original). While the guidelines are advisory and nonbinding, a sentencing court must ascertain the correct guideline ranges before deciding that a departure is in order. **Commonwealth v. Archer,** 722 A.2d 203, 210 (Pa. Super. 1998). A sentencing judge must demonstrate an awareness of the guideline sentencing ranges so that the appellate court can analyze whether the reasons for a departure from the guideline ranges are adequate. **Commonwealth v. Johnson,** 446 Pa. Super. 192, 666 A.2d 690, 693-94 (Pa. Super. 1995).

**Scassera**, 965 A.2d at 250.

Moreover, in **Commonwealth v. Griffin**, 804 A.2d 1 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2004), a panel of this Court also stated:

> [W]hen deviating from the sentencing guidelines, a trial judge must indicate that he understands the suggested ranges. **Commonwealth v. Rodda,** 1999 PA Super 2, 723 A.2d 212, 214 (Pa. Super. 1999) *(en banc).* However, there is no requirement that a sentencing court must evoke "magic words" in a verbatim recitation of the guidelines ranges to satisfy this requirement. **Id.** at 215. Our law is clear that, when imposing a sentence, the trial court has rendered a proper "contemporaneous statement" under the mandate of the Sentencing Code "so long as the record demonstrates with clarity that the court considered the sentencing

- 11 -

guidelines in a rational and systematic way and made a dispassionate decision to depart from them." *Id.* at 216.

*Griffin*, 804 A.2d at 8. Lastly, we note: "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009), *citing Commonwealth v. Devers*, 546 A.2d 12, 18-19 (Pa. 1988).[13]

A review of the record reveals the following. The resentencing judge held a hearing on the matter over the course of three days, and considered testimony from a mitigation expert, numerous individuals who spoke on Foxx's behalf, Foxx's own testimony, the trial and original sentencing transcripts, and the remainder of the record. The judge ultimately imposed a standard range sentence for the robbery and aggravated assault convictions and an aggravated range sentence for the conspiracy conviction.[14] As such, none of

---

[13] Here, a pre-sentence investigation report ("PSI") was not included in the certified record. However, while not explicitly stated, it appears the resentencing judge had the benefit of a PSI. He referenced the following: (1) the procedural history of the case, including trial and post-conviction proceedings; (2) an expert report from Dr. Terry Gilmore, detailing Foxx's upbringing and the effects of his childhood and his teenage years on his conduct; (3) the July 25, 1994, sentencing transcript; (4) Foxx's conduct throughout his incarceration; (5) Foxx's drug and alcohol history; and (6) Foxx's mental health history. *See generally*, N.T., 7/25/2017, at 2-15.

[14] As explained by the Commonwealth:

the "resentences" were outside of the sentencing guidelines. Therefore, in accordance with *Griffin*, *supra*, and contrary to Foxx's argument, the judge was not required to provide "verbatim recitation of the guidelines ranges to satisfy th[e] requirement" that he understood the ranges. *Griffin*, 804 A.2d at 8.[15] By imposing sentences within the sentencing guidelines, it is implicit that the resentencing judge understood and considered those

---

> With a prior record score of 1 for the robbery conviction with a weapon enhancement, the standard range sentence was 54-80 months; for the robbery without an enhancement, the standard range was 42-66 months; for the aggravated assault conviction, the standard range was 42-66 months; and for the conspiracy to commit robbery conviction, the standard range was 30-54 months and the aggravated range was 54 to 68 months. *See*, 204 Pa. Code § 303.9, 3d. Ed. (effective December 20, 1991). At re-sentencing, Judge Borkowski sentenced [Foxx] to 5 to 10 years' incarceration for the aggravated assault, 5 to 10 years' incarceration for the robbery and 5 to 10 years' incarceration for the conspiracy conviction, all to run concurrent to one another and consecutive to his murder conviction. Thus, it is clear that [Foxx] was sentenced within the standard range for robbery and aggravated assault and in the aggravated range for the conspiracy conviction.

Commonwealth's Brief at 22-23 (some citations omitted).

[15] Furthermore, we find Foxx's reliance on *Royer*, *supra*, misplaced as that case concerned a sentence that fell outside the sentencing guidelines and whether the judge's statement of reasons at sentencing constituted a "contemporaneous written statement" and was adequate. *Royer*, 476 A.2d at 457. The panel concluded the statement was not sufficient as "[n]owhere d[id] the record indicate that the judge was aware of the guideline range." *Id.* at 458. Here, however, we have sentences that are within the sentencing guidelines and evidence of the PSI, which demonstrated that the judge was aware of the ranges.

recommendations. *See Scassera*, *supra*. Accordingly, Foxx's first argument

is unavailing.

With respect to Foxx's second issue, he claims that in the alternative,

the judge used sentencing guidelines that were erroneous when imposing the

non-homicide sentences. *See* Foxx's Brief at 41. He states:

> Presently, the only reference to sentencing guidelines on the record by [the resentencing judge] is while quoting [the prior judge's] statements at the initial sentencing stating, "Goes on to take into account the sentencing guidelines and mandatory laws." Another possible indirect reference to the guidelines on the record is quoted, "And the Court has taken into consideration in terms of the sentencing responsibility of this Court articulated in Title 42 9721..." If either statement is construed as evidence of [the resentencing judge] considering sentencing guidelines, the guidelines in the record were deemed erroneous by this Honorable Court.

*Id.* at 43. Foxx asserts that the resentencing judge may have used the

sentencing guidelines that were applied at the time of his 1994 judgment of

sentence, which he points out were erroneous based on a statement made by

a panel of this Court in his direct appeal.[16] *Id.* at 43-44. He states if the

_____

[16] The *Foxx I* panel stated:

> Upon review of the record, we conclude that the trial court did err in computing the sentencing guideline ranges by adding the deadly weapon enhancement to each crime charged. The deadly weapon enhancement requires the trial court to add 12 to 24 months to a guideline range when the crime has been committed with a deadly weapon. However, the enhancement may not be added to more than one crime arising from the same transaction or occurrence. 204 Pa.Code §303.9 (a) (5). Here, the court added the deadly weapon enhancement to each crime charged,

resentencing judge had used the wrong guidelines, the judge "may have believed he was sentencing [Foxx] in the mitigated range when he was not."

*Id.* at 46. Moreover, he alleges:

> [T]here is no demonstration that guidelines were set forth to guide the sentencing ranges. He conjured up a sentence of five (5) to ten (10) for each nonhomicide count. These ranges came out of thin air. It is only by chance that the robbery and aggravated assault sentence ranges fell within the correct standard range, and the count for conspiracy landed in the aggravated range.

*Id.* at 46-47.

Keeping our standard of review in mind, we disagree for several reasons. First, with respect to his assertion that "the only reference to sentencing guidelines on the record by [the resentencing judge] is while quoting [the prior judge's] statements at the initial sentencing,"[17] we find that Foxx misconstrues the judge's comment. A review of the transcript reveals the judge was merely referencing the procedural history of the case, including quoting the prior judge's statements at Foxx's original sentencing proceeding, and did not apply the same guidelines to Foxx's resentencing. *See* N.T.,

_____

thus improperly adding an additional 24 months to the sentencing guidelines for each crime.

*Commonwealth v. Foxx*, 679 A.2d 251 (Pa. Super. 1996) (unpublished memorandum at 4). Nevertheless, the panel concluded the error had no effect on the court's decision because it had intended to sentence Foxx beyond the guideline ranges. *Id.* at 4-5.

[17] Foxx's Brief at 43.

- 15 -

7/25/2017, at 4-7. Second, by acknowledging that he was aware of the full procedural history of Foxx's case,[18] one can infer the resentencing judge was also aware of the decision in Foxx's direct appeal and the panel's comments that erroneous guidelines were applied at that time. Third, Foxx speculates that the resentencing judge may have believed he was sentencing Foxx in the mitigated range and that it was pure luck that the judge imposed sentences within the standard and/or aggravated range of the sentencing guidelines. However, without more evidence that the court intended to sentence Foxx in the mitigated range, Foxx's claim is baseless. Moreover, based on the record, it is evident that the resentencing judge did not just happen upon standard sentencing ranges. The judge explained his rationale as follows:

> As to Mr. Foxx, the support, of course, that he enjoyed during his youth from his pastoral community, so to speak, weighs in his favor. The fact that they stood by him all of these years and have faith in his progress as he has made his positive attitude, his conduct throughout his incarceration, despite what one might perceive in this circumstance as hopelessness that confronted him, his very positive factor and, of course, that letter stated weighs heavily in his favor by virtue of the acts that applies to him.
>
> I can't imagine being in that circumstance he was in, life plus 50, that a person would conduct themselves in the manner in which he did and take the positive steps and exhibit the positive attitude he did during those 11 years. And that is the most positive factor that weighs in his favor.
>
> And the Court has taken into consideration in terms of the sentencing responsibility of this Court articulated in Title 42 [§]

---

[18] **See** N.T., 7/25/2017, at 2.

9721, the protection of the public, the rehabilitative needs of the defendant, the impact of the crime upon the community.

On the other side of the coin, the most negative thing that goes against him, of course, is a loss of human life at the hands of his codefendant and the aggravated assault on [the victim] that he is responsible for by virtue of his own conduct.

The Court has taken into account his own statement on the witness stand, the arguments made on behalf of Mr. Foxx by [defense counsel]. The Court, taking everything into account, as stated in **Miller** and **Batts**, his age at the time of the offense, his acknowledged culpability, capacity for change, he's demonstrated that certainly.

The circumstances of the crime referred to by [the prior judge] and certainly confirmed by virtue of my review of the record and the extent of participation in the crime. Of course, he was the essential participant.

Family home and neighborhood environment, which can simply be stated was chaotic except for his base and relationship in the religious community.

His emotional maturity and development described in [the mitigation expert, Dr. Gilmore].

The extent of peer pressure that may have affected him.

His lack of a strong family environment, past exposure to violence.

Drug and alcohol history, ability to deal with the police, and his mental health history and, again, his rehabilitation as demonstrated, in fact, by his progress in the state correctional system.

The Court has also taken into account the arguments made by [the Commonwealth] and the loss of human life and injury to [the victim].

N.T., 7/25/2017, at 10-13. Fourth, we reiterate that because Foxx's resentences were within the sentencing guidelines, the resentencing judge

- 17 -

was not required to explicitly state the guideline ranges. *See Griffin*, 804 A.2d at 8. Accordingly, Foxx's second argument has no merit.

In conclusion, Foxx has not demonstrated the resentencing court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Sheller*, 961 A.2d at 190. Therefore, we conclude the court did not abuse its discretion with regard to Foxx's resentencing on his non-homicide convictions.[19]

In an unrelated matter, on June 21, 2019, Gretchen Panchik, Esquire, for the Commonwealth, filed a motion to withdraw as counsel because she will no longer be working for the Allegheny County District Attorney's Office. *See* Praecipe to Withdraw as Counsel, 6/21/2019. She indicated Deputy District Attorney Michael W. Streily will remain as counsel for the Commonwealth. Accordingly, the motion to withdraw as counsel is granted.

Judgment of sentence affirmed. Commonwealth's motion to withdraw as counsel granted.

_____

[19] We note in its Rule 1925(a) opinion, the trial court found Foxx's arguments to be waived because they were "conflicting and confusing." Trial Court Opinion, 7/18/2018, at 16-17. Nevertheless, "[t]his Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." *Commonwealth v. Williams*, 73 A.3d 609, 617 n.4 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 320 (Pa. 2014). *See also* Commonwealth's Brief at 15 n.17 (noting Foxx did not waive his arguments).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/4/2019